**UNITED STATES of America, Plaintiff, Appellee,**

v.

**Felix SANTIAGO SOTO, Defendant, Appellant.**

No. 86–1785.

United States Court of Appeals, First Circuit.

Heard Feb. 5, 1987.

Decided Aug. 14, 1987.

Orison Trossi Orlandi, was on brief for defendant, appellant.

Warren Vázquez, Asst. U.S. Atty., with whom Daniel F. López Romo, U.S. Atty., was on brief for plaintiff, appellee.

Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Before us is an appeal (No. 86–1785) from an order of the district court denying, without opinion, a motion to dismiss an indictment on grounds of double jeopardy and collateral estoppel.[1] We affirm.

*Background—The Metamorphosis*

On August 30, 1985, a Postal Service inspector presented a complaint in the district court accusing appellant, an inspector himself, of two felonies, 18 U.S.C. §§ 1702, 1709.[2] For unknown reasons, the United States filed instead an information charging Santiago with a misdemeanor offense. The information alleged that, on August 30, 1985, Santiago had "knowingly and willfully" obstructed the passage of correspondence by removing and then opening a parcel addressed to someone else. *Id.* § 1701.[3]

On October 30, the district court (Pieras, J.) held a combined change of plea and sentencing hearing. Initially, the district judge seemed concerned by appellant's testimony that he lacked criminal intent. The government attempted to factually support the guilty plea through a proffer of the testimony of postal inspectors and a written confession from Santiago. Satisfied that Santiago was pleading voluntarily and that he was aware of his right to trial and the maximum punishment for the offense, the court accepted the plea.

As per the plea bargaining agreement, the government recommended a "fine of twenty five dollars and [that the court] take into account that restitution of $285.58 has been made in favor of the U.S. Post Office." In mitigation of punishment appellant added "I am paying the restitution for the things that I have not done." Appearing to change his mind on the plea, the trial judge remarked "[h]ow are we going to find this man guilty and condemn him when he says he did not do it?" The court, just prior to imposing the sentence, dismissed the information *sua sponte*. Although the government objected below, appellant did not complain about the timely, if unsolicited, vacation of his guilty plea.

The good fortune of Santiago was short-lived however. On February 12, 1986, a federal grand jury returned an indictment charging him for the first time with the felonies of obstruction of correspondence and theft of mail matter. *See ante* at 617 n. 2. Appellant filed a motion to dismiss which the district court (Cerezo, J.) denied. The case was reassigned to another district judge (Fusté, J.) and tried before a jury, who convicted him as charged.

*Discussion*

Appellant maintains that the acceptance of his guilty plea to the lesser charge connotes an "implied acquittal" on the greater

---

1. Appellant has also filed a notice of appeal (No. 86–1866) on the merits from a conviction and order placing defendant on probation for a period of five years, and imposing a $1,000 fine and a special monetary assessment of $100. Since no briefs have yet been filed, that appeal is not properly before us.

2. Sections 1702 and 1709 provide, respectively:
   **Obstruction of correspondence**
   Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both.
   **Theft of mail matter by officer or employee**

   Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

3. Section 1701 provides:
   **Obstruction of mails generally**
   Whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined not more than $100 or imprisoned not more than six months, or both.

charges. We understand his argument to be that reprosecution on the more serious charges would unconstitutionally subject appellant to a second prosecution for the "same offense." He has also raised the defense of collateral estoppel. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The claim is that a "finding" at the Rule 11 hearing of lack of *mens rea* precludes the government from relitigating the issue in a subsequent prosecution.[4]

The Double Jeopardy Clause of the Fifth Amendment offers three guarantees:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishment for the same offense.

*Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), quoting *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This constitutional provision serves to "preserve finality of judgments in criminal prosecutions and to protect the defendant from prosecutorial overreaching." *Garrett v. United States,* 471 U.S. 773, 795, 105 S.Ct. 2407, 2420, 85 L.Ed.2d 764 (1985) (O'Connor, J., concurring).

In this case, the misdemeanor offense, § 1701, is arguably a lesser included offense of the felony charges under §§ 1702, 1709. We assume for sake of argument that the offenses are the same. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

The first question is when jeopardy attaches.

> Thus, the time at which jeopardy attached is best viewed as the point at which "the risks of injury are so great that the government should have to 'shoulder' the 'heavy' burden of showing manifest necessity for repetitious proceedings."

3 W. Lafave, J. Israel, *Criminal Procedure* § 24.1(c) at 63 (1984) (citations omitted).

In a jury trial jeopardy attaches when the jury is empaneled and sworn. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). When there is no trial we have held that jeopardy attaches, although not irrevocably nor automatically, upon the court's acceptance of a guilty plea. *United States v. Cruz,* 709 F.2d 111 (1st Cir.1983). In *Cruz,* a federal grand jury indicted defendant on a felony narcotics offense. Pursuant to a plea bargaining agreement, the United States filed an information charging defendant with a misdemeanor. At the Rule 11 hearing the court accepted the guilty plea to the misdemeanor. After reviewing the presentence report the court *sua sponte* vacated the plea at the time of sentencing. The United States then moved to dismiss the information and to prosecute him on the original indictment. The district court granted the motion.

We held, on an interlocutory appeal, that the district judge's actions contravened Fed.R.Crim.P. 11(e) (Plea Agreement Procedure), and Rule 32(c) (Presentence Investigation). A district court cannot set aside a binding plea agreement on the basis of information in a presentence report on something short of fraud on the court. *Id.* at 114–15.

The double jeopardy contention presented three possibilities. We rejected the view that double jeopardy always attaches upon acceptance of a guilty plea. A Rule 11 hearing does not involve the ordeal of a trial. Moreover, the acceptance of a guilty plea to a lesser offense "carries no implied acquittal of the greater offense and for this reason is not the same as a verdict." *Id.* at 114. On the other hand, we criticized, for being inflexible, the rule that jeopardy attaches only "upon imposition of sentence and formal pronouncement or entry of judgment." *Id.* The happy medium:

> ... would be to analogize judicial abortion of a previously accepted guilty plea and plea bargain to judicial declaration of a mistrial after jeopardy has attached— *i.e.,* to hold that jeopardy attaches upon acceptance of the guilty plea, but to al-

---

4. Fed.R.Crim.P. 11.

low the district court to rescind acceptance at any time before sentencing and judgment upon a showing of "manifest necessity," the standard for declaring a mistrial over the defendant's objection. *Id.* (citation omitted).

The Court of Appeals for the Third Circuit recently disagreed with our opinion in *Cruz. See Gilmore v. Zimmerman,* 793 F.2d 564, 571 (3d Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 459, 93 L.Ed.2d 405 (1986). *Gilmore* held that the Supreme Court in *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (a case not mentioned by the parties) discounted any double jeopardy implications from the court's acceptance of the guilty plea.

For a proper understanding of *Johnson,* we turn first to *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In *Brown,* the state first charged defendant with joyriding, a misdemeanor. Brown pleaded guilty and the trial court sentenced him to 30 days in jail and a $100 fine. Upon his release from jail, the state initiated a second prosecution for auto theft, a felony. The Court held that joyriding was a lesser included offense of auto theft. Without discussion, the Court also found that the Double Jeopardy Clause prohibited a second prosecution for the auto theft charge. *Cf. Brown,* 432 U.S. at 170, 97 S.Ct. at 2228 (Brennan, J., concurring) (stating that the prosecution did not try Brown in a single proceeding).

In *Brown,* jeopardy attached, not upon the acceptance of the guilty plea, but at the time of imposing sentence and entering judgment. At that stage, Brown was "convicted" of the lesser offense or "acquitted" of the greater charge, the same as if by a jury's verdict. For that reason, the second prosecution for the same offense offended Brown's interests in finality and repose after his conviction or acquittal. Cognizant of the double jeopardy interests involved, the Court also seemed concerned with the potential for prosecutorial overreaching. To that effect, the state had failed to press all of the charges at once and had filed the auto theft charge only after Brown had served his sentence.

*Johnson v. Ohio* was factually a different case. Johnson was indicted for offenses ranging from grand theft to murder. He pleaded guilty to the lesser included offenses of involuntary manslaughter and grand theft and not guilty to the more serious offenses of murder and aggravated robbery. Over the state's objection, the trial court accepted his guilty plea, sentenced Johnson to an imprisonment term, and dismissed the more serious offenses on double jeopardy grounds.

Since the felony charges had been filed, and thus were pending when he pleaded guilty, *Johnson* raised no concerns about prosecutorial abuse. And because Johnson could have foreseen a prosecution on the pending charges, his interests of finality and repose were less strongly implicated than Brown's. Thus, the Supreme Court held that jeopardy did not attach when the trial court accepted the guilty plea to the lesser included offenses while the more serious charges remained pending. *Id.* at 501–02, 104 S.Ct. at 2541–42. In such a case, the acceptance of a guilty plea "has none of the implications of an 'implied acquittal' and does not constitute a verdict." *Id.*[5]

Underlying *Johnson* is the proposition that an acceptance of a guilty plea is legally different from a conviction based on a jury's verdict. Thus, it becomes unnecessary to demonstrate "manifest necessity" to warrant a judicial vacation of a guilty plea. *See Gilmore,* 793 F.2d at 571. In this respect, the Court seems to have overruled our double jeopardy analysis in *Cruz. Id.*

The present case is a hybrid of *Brown* and *Johnson.* Unlike *Brown,* however, the district court dismissed the information without entering judgment of conviction and sentencing Santiago on the lesser offense. It differs from *Johnson,* and resembles *Brown,* insofar as no serious

---

**5.** The Court also rejected summarily the collateral estoppel contention holding that "the taking of a guilty plea is not the same as an adjudica- tion on the merits after full trial...." *Id.* at 500 n. 9, 104 S.Ct. at 2541 n. 9.

charges were pending at the time of the Rule 11 hearing; the defendant was charged only with a misdemeanor offense.

Although we can perceive a potential for prosecutorial overreaching in this case, Santiago's finality interests—being much weaker than Brown's—do not implicate the Double Jeopardy Clause. The mere acceptance of a guilty plea does not carry the same expectation of finality and tranquility that comes with a jury's verdict or with an entry of judgment and sentence as in *Brown. Cf. Ricketts v. Adamson,* — U.S. ——, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) (assumes that jeopardy at least attaches when the defendant was *sentenced* on his guilty plea to a lesser included offense).

We hold that jeopardy did not attach when the district court accepted the guilty plea to the lesser included offense and then rejected the plea without having imposed sentence and entered judgment. *Cf. United States v. Sánchez,* 609 F.2d 761 (5th Cir.1980) (stating that jeopardy did not attach when the court conditionally accepted the guilty plea). Certainly in this case, in which the judge initially accepted the guilty plea but then rejected it within the same proceeding, defendant was not placed in jeopardy in any meaningful sense. Jeopardy first and only attached when the jury was empaneled and sworn in the felony case. *See Serfass,* 420 U.S. at 388, 95 S.Ct. at 1062. This was a single prosecution case. Accordingly, the Double Jeopardy Clause did not prohibit the United States from continuing its prosecution of Santiago on the charges of obstruction of correspondence and theft of mail matter. For the reasons articulated in *Johnson, supra,* we also reject the collateral estoppel contention because there can be no "findings of fact" at a Rule 11 hearing.

*Affirmed.*