**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 96-20218

RAMON MATA, JR.,

Petitioner-Appellant,

versus

GARY JOHNSON, Director,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

January 23, 1997

Before WIENER, PARKER, and DENNIS, Circuit Judges.

ON PETITION FOR REHEARING
(Opinion October 31, 1996, 5th Cir., 99 F.3d 1261)

BY THE COURT:

After we issued our panel opinion in this case,[1] Petitioner-Appellant Ramon Mata, Jr. filed a petition for panel rehearing in which he urges us to reconsider our determination that federal habeas review of Mata's fair trial claim is barred by the state habeas court's disposition of Mata's claim on independent state procedural gounds. In his response to Mata's petition for

---

[1] Mata v. Johnson, 99 F.3d 1261 (5th Cir. 1996).

rehearing, the Director concedes that the procedural bar relied on by the state habeas court does not bar federal habeas review of Mata's fair trial claim. Further, the Director addressed the merits of Mata's fair trial claim, both in the district court and in his appellate brief, without arguing that Mata's claim is procedurally barred by Mata's failure to make a contemporaneous objection at trial. Therefore, the Director waived any procedural default resulting from Mata's failure to object at trial.[2]

No procedural impediment prevents consideration of the merits of Mata's fair trial claim on federal habeas review. As the district court deemed federal habeas review to be foreclosed, however, that court did not conduct an evidentiary hearing and thus has not had an opportunity to make an informed assessment of Mata's fair trial claim. Therefore, we grant Mata's petition for panel rehearing, vacate parts II.E and III of the panel opinion, and remand to the district court with instructions to conduct a full evidentiary hearing on Mata's fair trial claim and thereafter to rule on Mata's habeas corpus petition to the extent of his fair trial claim.

Rehearing GRANTED; parts II.E and III of this panel's opinion of October 31, 1996 VACATED; and Mata's habeas corpus petition REMANDED for an evidentiary hearing in the district court and reconsideration in light of such hearing.

---

[2] See, e.g., Reddix v. Thigpen, 805 F.2d 506, 512 (5th Cir. 1986); Wiggins v. Procunier, 753 F.2d 1318, 1321 (5th Cir. 1985); Washington v. Watkins, 655 F.2d 1346, 1368 (5th Cir. 1981), cert. denied, 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982).