UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41269
Summary Calendar
_____

OSIEL VALDEZ ORTIZ,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-96-CV-235
--------------------

December 10, 1999

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Osiel Valdez Ortiz, Texas prisoner # 524306, appeals the
district court's grant of summary judgment denying his 28 U.S.C.
§ 2254 petition.  The district court granted Ortiz a certificate
of appealability.

     Ortiz argues that his conviction following his nolo
contendere plea for aggravated robbery violated the Double
Jeopardy Clause because the trial court had previously accepted
Ortiz's guilty plea to the lesser-included offense of robbery.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Texas Court of Criminal Appeals found that the trial court had conditionally accepted the first plea until the court had approved the presentence report and the plea agreement, and that "[b]ecause we have found that the trial court did not accept the plea bargain, jeopardy did not attach in the first plea proceeding." Ortiz v. State, 933 S.W.2d 102, 107 (Tex. Crim. App. 1996).

An application for a writ of habeas corpus cannot be granted unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[W]e can grant habeas corpus relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." Mata v. Johnson, 99 F.3d 1261, 1267 (5th Cir. 1996) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), overruled in part on other grounds by Lindh v. Murphy, 521 U.S. 320 (1997)), vacated in part on other grounds on rehearing, 105 F.3d 209 (5th Cir. 1997). Ortiz has not made such a showing. See Ohio v. Johnson, 467 U.S. 493 (1984); United States v. Foy, 28 F.3d 464, 471 n.13 (5th Cir. 1994); United States v. Santiago Soto, 825 F.2d 616 (1st Cir. 1987).

AFFIRMED.