2002-NMSC-025

51 P.3d 1155

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Alfred ANGEL, Defendant–Petitioner.**

No. 26,683.

Supreme Court of New Mexico. ·

July 24, 2002.

Phyllis H. Subin, Chief Public Defender, Christopher Bulman, Appellate Defender Santa Fe, NM, for Petitioner.

Patricia A. Madrid, Attorney General, M. Anne Kelly, Assistant Attorney General Santa Fe, NM, for Respondent.

## OPINION

BACA, Justice.

{1} We granted our writ of certiorari to the Court of Appeals pursuant to NMSA 1978, § 34–5–14 (1972), to decide whether this Court should abandon its long-standing jurisdictional exception to the double jeopardy prohibition against successive prosecutions. However, because we conclude that jeopardy did not attach when the magistrate court accepted Defendant's plea but dismissed the charges prior to sentencing, the Double Jeopardy Clause did not bar Defendant's subsequent prosecution in district court. We, therefore, do not reach the jurisdictional exception issue. Accordingly, we reverse the Court of Appeals as to the license charge and affirm, but on different grounds, the felony DWI conviction.

## I.

{2} Defendant Angel was arrested on Saturday, January 16, 1999, and charged by criminal complaint with misdemeanor aggravated driving while under the influence of intoxicating liquor (DWI) and related traffic offenses, including driving with a suspended or revoked license. On January 20, the first business day following his arrest, the arresting officer filed a criminal complaint in magistrate court. Defendant pleaded no contest to all charges, and the court accepted the plea and signed the plea agreement. No prosecutor was present. Defendant was released on bond.

{3} On March 15, 1999, a notice of sentencing was sent to the District Attorney's Office stating that sentencing on Defendant's case was set for April 1, 1999. At the sentencing hearing, the State sought to dismiss the criminal complaint so that it could pursue felony DWI and related traffic offenses in district court. On April 22, 1999, the complaint was dismissed without prejudice so that the State could pursue the felony charges.

{4} On August 20, 1999, a grand jury returned an indictment charging Defendant with the same crimes as those filed in magistrate court, except that the DWI was charged as a felony pursuant to NMSA 1978,

§ 66–8–102(G) (1999). Defendant first appeared in district court on September 13, 1999, and pleaded not guilty to the charges. When discussing bond, the State presented a pre-sentence report from a pending Albuquerque DWI charge which revealed that Defendant had fourteen DWI arrests and a minimum of seven prior convictions. The court set bond at $20,000 cash, stating that it was not "comfortable" with releasing Defendant in light of his extensive DWI record.

{5} On February 10, 2000, Defendant filed a motion to dismiss the indictment and remand the case to magistrate court. Defendant argued that his prior no-contest plea in magistrate court was valid and that the district court prosecution violated double jeopardy. The State responded that it was within the magistrate court's discretion to dismiss the complaint upon learning that the misdemeanor DWI was in fact a felony DWI, that the district court prosecution did not violate double jeopardy protections because jeopardy did not attach to Defendant's no-contest plea prior to sentencing, and that the jurisdictional exception applied. The State represented to the court that the District Attorney's office first became aware of the case when it received the April 1 notice of sentencing. The State indicated that an assistant district attorney appeared at the sentencing hearing and notified the judge that the District Attorney's office knew at that point that it was actually a felony DWI. At the hearing on the motion to dismiss, Defendant argued that the magistrate court's acceptance of his no-contest plea constituted a conviction for double jeopardy purposes and thus prohibited the State from subsequently prosecuting him for the same and greater offenses in district court. The district court denied the motion to dismiss, concluding that the magistrate court did not abuse its discretion in dismissing the complaint, and that double jeopardy was not implicated because the magistrate court had not yet sentenced Defendant. Defendant subsequently entered a plea of guilty to felony DWI and driving with a suspended or revoked license. He reserved the right to appeal the denial of his motion on double jeopardy grounds.

{6} The Court of Appeals issued a memorandum opinion which affirmed the denial of Defendant's motion to dismiss as to the felony DWI conviction but reversed as to the license charge. The Court found that the jurisdictional exception applied to the DWI charge because, although jeopardy had attached when the court accepted Defendant's no-contest plea, that court did not have jurisdiction to hear the felony DWI. Thus, the jurisdictional exception permitted the subsequent felony DWI prosecution in district court. However, the Court concluded that because the magistrate court had jurisdiction over the misdemeanor license charge, the subsequent prosecution in district court on that charge violated double jeopardy.

## II.

{7} The Double Jeopardy Clause of the United States Constitution guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *see also* N.M. Const. art. II, § 15 ("[N]or shall any person be twice put in jeopardy for the same offense...."). This guarantee applies to the states through the due process clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Three situations implicate double jeopardy protections: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Defendant argues that this case calls into question the constitutional right to be free from being prosecuted again for the same offense after conviction. We disagree. In order to successfully claim double jeopardy, a former jeopardy must have occurred—there must have been a previous proceeding in which jeopardy attached. *See Serfass v. United States,* 420 U.S. 377, 390–91, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *United States v. Santiago Soto,* 825 F.2d 616, 618 (1st Cir.1987). We do not believe jeopardy attached to Defen-

dant's plea prior to being sentenced on the misdemeanor charges.

{8} The concept of "attachment of jeopardy" arises from the idea that there is a point in a criminal proceeding at which the constitutional purposes and policies behind the Double Jeopardy Clause are implicated and the defendant is put at risk of conviction and punishment. *Serfass,* 420 U.S. at 388–91, 95 S.Ct. 1055. It is only after a defendant is deemed to have been put in former jeopardy that any subsequent prosecution of the defendant brings the guarantee against double jeopardy into play. *See id.* at 393, 95 S.Ct. 1055; *see also Crist v. Bretz,* 437 U.S. 28, 33, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). In a criminal trial, jeopardy attaches at the moment the trier of fact is empowered to make any determination regarding the defendant's innocence or guilt. *Serfass,* 420 U.S. at 388, 95 S.Ct. 1055. The United States Supreme Court has held that jeopardy attaches in a jury trial when the jury is empaneled and sworn, and in a bench trial when the court begins to hear evidence. *Id.* The United States Supreme Court has yet to decide when jeopardy attaches to a guilty plea, but it has assumed that jeopardy attaches at least by the time of sentencing on the plea. *See Ricketts v. Adamson,* 483 U.S. 1, 8, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987). In *State v. Nunez,* 2000–NMSC–013, ¶ 28, 129 N.M. 63, 2 P.3d 264, this Court stated that "[i]n the case of a guilty plea or plea of nolo contendere, jeopardy attaches at the time the court accepts the defendant's plea." However, the issue in *Nunez* was not at what point jeopardy attaches to a guilty plea or plea of nolo contendere, but rather whether the defendant's guilty plea waived his double jeopardy claims. Further, in *Nunez* all of the defendants were first put in jeopardy by a civil forfeiture proceeding. Thus, a determination of when jeopardy attaches in a criminal trial was unnecessary to the issues discussed in that case.

{9} *Nunez* relied upon *State v. James,* 94 N.M. 7, 9, 606 P.2d 1101, 1103 (Ct.App.1979), *rev'd,* 93 N.M. 605, 603 P.2d 715 (1979), for this proposition. That case, however, was reversed when this Court decided that the Court of Appeals erred when it determined

on the record before it that the defendant had in fact pleaded guilty to the crime. *State v. James*, 93 N.M. 605, 603 P.2d 715 (1979). Because this Court decided that the Court of Appeals lacked substantial evidence to determine that factual question, we did not determine whether jeopardy would have attached at that point. Conversely, in *State v. Alingog*, 117 N.M. 756, 877 P.2d 562 (1994), we suggested that jeopardy did not attach on a guilty plea until judgment is entered. As will be shown, however, that language is also dicta. Thus, the question of when jeopardy attaches to a guilty plea or plea of nolo contendere remains unanswered in New Mexico.

{10} In denying Defendant's motion to dismiss, the district court found that double jeopardy was not implicated because the magistrate court had not yet sentenced Defendant. The district court appears to have been persuaded by the authorities advanced by the State in its response to the motion to dismiss, including *Alingog*, 117 N.M. 756, 877 P.2d 562, *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and *United States v. Santiago Soto*, 825 F.2d 616 (1st Cir.1987). These cases all support the principle that jeopardy attaches when the court enters a judgment and imposes a sentence on the guilty plea, not when the plea was accepted.

{11} In *Alingog*, the defendant was charged in a single proceeding with several misdemeanors and a single felony. 117 N.M. at 758, 877 P.2d at 564. Before trial, the defendant pleaded no contest to the misdemeanors and then asked the court to dismiss the felony charge, arguing double jeopardy prohibited a successive prosecution on the greater offense. *Id.* at 758–59, 877 P.2d at 564–65. The state argued against dismissal on the grounds that the offenses were not the same for double jeopardy purposes. *Id.* at 759, 877 P.2d at 565. The court took the motion under advisement until after the state presented its case on the felony and the defendant renewed her motion to dismiss. *Id.* at 758–59, 877 P.2d at 564–65. The trial court then granted defendant's motion, finding the felony a greater offense of the misdemeanor. *Id.* at 759, 877 P.2d at 565.

{12} On appeal, the state, relying on *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), argued for the first time that because defendant had not been sentenced on the misdemeanors at the time the felony was dismissed, the misdemeanor convictions did not bar the felony prosecution. *See State v. Alingog*, 116 N.M. 650, 653, 866 P.2d 378, 381 (Ct.App.1993). The Court of Appeals agreed and held that, although *Johnson* had not been raised below, the doctrine of fundamental error excused the state's failure to preserve this issue in the trial court. *See id.* at 653–56, 866 P.2d at 381–84.

{13} On certiorari, this Court noted that, under *Johnson* and *Brown*, the guilty plea did not bar a subsequent prosecution until sentence had been entered on the plea. *Alingog*, 117 N.M. at 759–60, 877 P.2d at 565–66. We stated:

> *Brown* supports the principle that a defendant who pleads guilty to *and is sentenced for* a lesser included offense cannot be reprosecuted for a greater offense arising from the same act. *See* 432 U.S. at 169, 97 S.Ct. at 2227 (stating double jeopardy "forbids successive prosecution and cumulative punishment for a greater and lesser included offense"); *United States v. Santiago Soto*, 825 F.2d 616, 619 (1st Cir.1987) (holding that under *Brown*, jeopardy attaches not upon acceptance of guilty plea, but at time of imposition of sentence and entry of judgment); *United States v. Combs*, 634 F.2d 1295, 1298 (10th Cir.1980) (holding that acceptance of guilty plea immediately before trial for greater offense was not a criminal prosecution because "[u]ntil entry of judgment and sentencing on the accepted guilty plea, defendant had not been formally convicted"), *cert. denied*, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 304 (1981); *cf. Johnson*, 467 U.S. at 501–02, 104 S.Ct. at 2541–43 (distinguishing *Brown* because the defendant there had been sentenced, and therefore, "convicted in a separate proceeding"; and stating the Court did not believe to be present "the principles of finality and prevention of prosecutorial overreaching applied in *Brown* ").

*Id.* This Court ultimately reversed the Court of Appeals, holding that the state had failed to preserve this argument and that this unpreserved error did not result in a miscarriage of justice. *Id.* at 761, 877 P.2d at 567. Although the quoted paragraph was dicta, we believe it was correct in concluding that, had the issue been properly preserved, the guilty plea would not have been a bar to the subsequent prosecution until sentence had been entered on the plea.

{14} In *Santiago Soto*, the defendant entered a plea of guilty in a combined plea and sentencing hearing. 825 F.2d at 617. However, the district court rejected the plea moments later because it questioned the plea's factual basis. *Id.* Then, without sentencing the defendant, the court dismissed the charge sua sponte. *Id.* The defendant did not object to the vacation of his plea, and a federal grand jury later indicted him on two felony charges arising out of the same conduct. *Id.* The defendant moved to dismiss the felony charges on double jeopardy grounds. *Id.* at 617–18. On appeal, the court assumed that the misdemeanor and felony offenses were the same for double jeopardy purposes and went on to consider whether jeopardy attached when the defendant pleaded guilty to the misdemeanor charges but was not sentenced. *Id.* at 618. The court held that "jeopardy did not attach when the district court accepted the guilty plea to the lesser included offense and then rejected the plea without having imposed sentence and entered judgment." *Id.* at 620. The court reasoned that "[t]he mere acceptance of a guilty plea does not carry the same expectation of finality and tranquility that comes with a jury's verdict or with an entry of judgment and sentence." *Id.*

{15} The purpose of the constitutional protection against successive prosecutions "is to prevent the government from harassing citizens by subjecting them to multiple suits until a conviction ·is reached, or from repeatedly subjecting citizens to the expense, embarrassment and ordeal of repeated trials." *State v. Lujan*, 103 N.M. 667, 671, 712 P.2d 13, 17 (Ct.App.1985). Defendant's subsequent prosecution in district court violates none of the interests protected by double jeopardy. Defendant's plea to misdemeanor DWI did not carry the same expectation of finality and tranquility that comes with a jury's verdict or with an entry of judgment and sentence, especially in light of his pending DWI charges and numerous prior DWI arrests and convictions. Furthermore, Defendant did not experience the expense, strain, or embarrassment of a trial. This is not a case where the prosecution has had an opportunity to rehearse its presentation of proof and is now trying to get a conviction a second time. Rather, to end prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws.

### III.

{16} We hold that jeopardy did not attach when the magistrate court accepted Defendant's no-contest plea to the misdemeanor offenses and then dismissed the charges prior to sentencing. As a result, Defendant's subsequent prosecution in district court did not implicate double jeopardy protections. Accordingly, we reverse the Court of Appeals as to the license charge, and affirm, but on different grounds, the felony DWI conviction.

{17} **IT IS SO ORDERED.**

WE CONCUR: PATRICIO M. SERNA, Chief Justice, GENE E. FRANCHINI, PAMELA B. MINZNER, and PETRA JIMENEZ MAES, Justices.