This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **NO. 29,311**

**RAYMOND MORALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant Raymond Morales appeals from an order denying his motion to dismiss three counts of armed robbery for violation of double jeopardy. Defendant contends that the double jeopardy protections of the United States and New Mexico Constitutions preclude his prosecution for three counts of armed robbery, because he was previously convicted of the offense of dealing in credit cards of another relating to the same event. We affirm.

**PROCEDURAL AND FACTUAL BACKGROUND**

The background facts of this case are undisputed. On October 21, 2005, a Blake's Lotaburger (Blake's) in Albuquerque, New Mexico, was robbed at around 4:30 p.m. The face and body of the robber were largely covered, so as to conceal the robber's identity. The robber was armed with a rifle and ultimately left Blake's with the purses belonging to three employees of the business. On November 2, 2005, Defendant was pulled over for speeding in northwest Albuquerque and arrested for driving with a revoked driver's license and having an outstanding warrant. The officer searched Defendant and the vehicle he was driving and found a check book, credit cards, and debit cards with the names of the three victims of the October 21, 2005, robbery at Blake's. On August 31, 2006, Defendant was indicted for "[d]ealing in credit cards of another," pursuant to NMSA 1978, Section 30-16-30 (1971). On August 9, 2007, Defendant pled no contest to the offense of dealing in credit cards of

another, as well as to additional counts from other incidents. On August 31, 2007, Defendant was sentenced pursuant to the plea agreement.

On November 7, 2007, Defendant was indicted on charges involving the October 21, 2005 robbery at Blake's Lotaburger. Counts 1-3 charge Defendant with armed robbery, each count alleging that on or about October 21, 2005, in Bernalillo County, New Mexico, Defendant "took and carried away a purse . . . armed with a rifle, a deadly weapon, and took the property by use or threatened use of force or violence" from each of three employees at Blake's. Defendant moved to dismiss Counts 1-3 on the grounds that his double jeopardy rights were violated for successive prosecution for the same offense.

After a hearing on Defendant's motion, the district court found that Defendant was previously convicted on the charge of dealing in credit cards of another and that the credit cards were from the victims of a robbery committed on October 21, 2005. The district court concluded, however, that the offense of dealing in credit cards of another is not a lesser included offense of armed robbery of the victims' purses. The district court further concluded that there was "no commonality of elements among the charges." It reasoned that (1) the armed robbery charges alleged taking purses by force while armed with a deadly weapon, not dealing in credit cards, and (2) the offenses concerned conduct occurring on different dates. The district court also

3

concluded that there is "no association between the elements of the two charges," expressly stating that this determination was based on a review of the different statutes and the Uniform Jury Instructions (UJIs) regarding the charges of armed robbery and dealing in credit cards of another. The district court denied Defendant's motion to dismiss. Defendant appeals.

**STANDARD OF REVIEW**

A defendant has a constitutional right for an immediate appeal from an order denying a motion to dismiss on double jeopardy grounds. *State v. Apodaca*, 1997-NMCA-051, ¶ 17, 123 N.M. 372, 940 P.2d 478. We generally apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation. *State v. Bernal*, 2006-NMSC-050, ¶ 6, 140 N.M. 644, 146 P.3d 289. When factual issues are intertwined with the double jeopardy analysis, however, the district court's factual determinations are subject to a deferential substantial evidence standard of review. *See State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737.

Before we proceed to the analysis of the merits, we note that in the answer brief the State first contends that double jeopardy is not an issue in this case because Defendant pled no contest to dealing in credit cards of another, but no judgment and sentence based on the plea appears in the record. The State relies on *State v. Angel*,

2002-NMSC-025, ¶ 10, 132 N.M. 501, 51 P.3d 1155 (discussing that "jeopardy attaches when the court enters a judgment and imposes a sentence on the guilty plea, not when the plea was accepted"). Because no judgment and sentence on the plea appears in the record proper, the State further argues that Defendant, as the appellant, has failed to sustain his burden to present a record sufficient for review of his double jeopardy issue on appeal, and therefore, this Court should therefore decline to address it.

At the hearing on Defendant's motion to dismiss, however, defense counsel stated that Defendant "has already pled and been sentenced on August 31st of 2007, for the offense directly related to this Blake's armed robbery," referring to Defendant's no contest plea to dealing in credit cards of another entered on August 9, 2007. The State did not counter this assertion of fact at the hearing by contending that Defendant had actually not been sentenced on the plea, nor did the State contend in its response to Defendant's motion to dismiss on double jeopardy grounds that Defendant had failed to sustain his burden to show a double jeopardy violation by failing to provide the district court with a copy of the judgment and sentence based on the plea agreement. As such, defense counsel's assertion that Defendant had been sentenced on August 31, 2007, following the plea, and the State's failure to counter or object below, was both sufficient to sustain Defendant's burden to bring up a record

5

sufficient for review of his double jeopardy issue on appeal and insufficient to preserve the State's argument on appeal that this Court should decline to address it. *See Angel*, 2002-NMSC-025, ¶ 13 (discussing that the state must preserve below the argument that a guilty plea is not a bar to a subsequent prosecution until the sentence has been entered on the plea).

Secondly, to the extent that Defendant argues that he is entitled to greater double jeopardy protection under the New Mexico Constitution than is provided for under the United States Constitution, New Mexico case law has decided that the federal test, discussed below, adequately protects a defendant's double jeopardy rights in the successive prosecution context. *State v. Powers*, 1998-NMCA-133, ¶ 29, 126 N.M. 114, 967 P.2d 454 (concluding that "on balance, the 'same elements' test adequately protects [a defendant's] right to be free from double jeopardy in the context of successive prosecutions governed by our state constitution"). We thus turn to the merits of Defendant's double jeopardy concerns.

**DEFENDANT'S ARGUMENTS**

Defendant argues on appeal that the State violated his double jeopardy rights because it placed him "twice in jeopardy for the same event, that is the theft and dealing of credit cards." Defendant contends that this is "a multiple punishment case," because "[t]he State made it clear that it intended to use the admission of guilt in the

credit card case to prove culpability in the robbery case." Defendant asserts that the armed robbery indictment presents a double jeopardy violation because "the [c]ourt is faced with two criminal proceedings arising from the same event," the armed robbery at Blake's. Further, "the fact that Detective Jeanette Tate pursued both investigations supports this premise." Because the two crimes arise from "the event at issue," Defendant concludes that the State's determination to pursue the robbery case "concluded when the State elected to resolve the credit card charges" with Defendant's plea. Thus, Defendant asks this Court to "reverse the district court with respect to whether . . . Defendant was subject to double jeopardy as a result of the State's decision to pursue and conclude the credit card case prior to initiating the robbery indictment."

**APPLICABLE LAW**

The double jeopardy prohibition protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Swafford v. State*, 112 N.M. 3, 7, 810 P.2d 1223, 1227 (1991). This case involves assessing the double jeopardy prohibition that protects against a second prosecution for the same offense after conviction. Defendant was convicted, upon a plea of no contest, of dealing in the credit cards of another involving credit cards belonging to the victims of the

October 21, 2005 armed robbery at Blake's. He was subsequently indicted for, among other charges, of stealing at gunpoint the purses of the victims of the October 21, 2005 armed robbery. In order to determine whether Defendant's double jeopardy rights have been violated, "[o]ur first task . . . is to determine whether the two prosecutions involved the same offense." *State v. Rodriguez*, 2005-NMSC-019, ¶ 21, 138 N.M. 21, 116 P.3d 92.

"In resolving this issue, we apply the *Blockburger* same elements test." *Id.*; *see generally Blockburger v. United States*, 284 U.S. 299 (1932). In *Rodriguez*, our Supreme Court clarified that the *Blockburger* "same elements test" rather than the "same evidence test" applies in New Mexico in assessing both multiple punishment and successive prosecution claims. *Rodriguez.* 2005-NMSC-019, ¶¶ 21-23. The *Blockburger* test focuses on the statutory elements of each offense, rather than the actual evidence to be presented at trial. *Id.* ¶ 22. "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* ¶ 7 (alteration in original) (internal quotation marks and citation omitted). "Under this test, the phrase 'same offense' has been interpreted to include greater and lesser included offenses, and thus, the state cannot subject a defendant to a second prosecution for a greater offense when the defendant has been prosecuted for a lesser included offense, [regardless of]

whether the first prosecution resulted in conviction or acquittal." *Id.*

Defendant mistakenly focuses on the fact that the two crimes arise from the same event. This focus on unitary conduct principles rather than the same elements test is misplaced. For example, in his motion to dismiss, Defendant cites *State v. Medina*, 87 N.M. 394, 395, 534 P.2d 486, 487 (Ct. App. 1975), for the proposition that when both charges emanate from the same events and the defendant was convicted of the lesser crime, the greater crime is barred by double jeopardy. Similarly, in the brief in chief, Defendant cites *Medina* for the proposition that "[a] conviction of a lesser offense necessarily included in a greater offense bars a subsequent prosecution for the greater offense." *Medina*, however, relies on an evidence-based approach that has been rejected in favor of the *Blockburger* elements-based approach to double jeopardy analysis. *State v. Franco*, 2005-NMSC-013, ¶ 17, 137 N.M. 447, 112 P.3d 1104. In *Franco*, our New Mexico Supreme Court explained that "we have never departed from the *Blockburger* test, which focuses on elements, by examining the conduct or evidence in detail." *Id.* "In fact, we have indicated that examination [of the conduct or evidence] was neither required nor appropriate." *Id.*

Therefore, we examine the elements of the offenses of dealing in credit cards of another and armed robbery to determine whether they involve successive prosecutions for the same offense. In its analysis, the district court determined that

dealing in credit cards of another is not a lesser included offense of armed robbery, that each offense requires proof of an element that the other does not, therefore, the two prosecutions did not involve "the same offense" and no successive prosecution double jeopardy violation has occurred. We agree.

**APPLICATION OF THE *BLOCKBURGER* SAME-ELEMENTS TEST**

Section 30-16-30 sets forth the crime of "[d]ealing in credit cards of another," as follows:

> Any person, other than the issuer, who possesses, receives, sells or transfers four or more credit cards, issued in a name or names other than his own in violation of Sections [Section] 30-16-26 or 30-16-27 or 30-16-28 or 30-16-29 NMSA 1978 is guilty of a third degree felony.

(alteration in original). NMSA 1978, Section 30-16-26 (1971) prohibits the theft of a credit card by taking or retaining possession of a credit card known to be stolen. NMSA 1978, Section 30-16-27 (1971) prohibits receiving or possessing a stolen, lost, mislaid, or wrongfully delivered credit card. NMSA 1978, Section 30-16-28 (1971) prohibits the fraudulent transfer or receipt of a credit card. NMSA 1978, Section 30-16-29 (1971) prohibits the fraudulent taking, receiving, or transferring of a credit card by making a false statement.

The UJI stating the essential elements required to prove the crime of dealing in credit cards of another provides:

> For you to find the defendant guilty of dealing in credit cards of another [as charged in Count _____], the state must prove to your

10

satisfaction beyond a reasonable doubt each of the following elements of the crime:

1.    The defendant [had in his possession] [received] [or] [transferred] four or more credit cards;

2.    The credit cards were issued to one or more persons other than the defendant;

[3.    The defendant was not the issuer of the credit cards or the authorized agent of the issuer;]

4.    [The defendant, without consent, took the credit cards from the person, possession, custody or control of another with the intent to permanently deprive the (cardholder) (cardholders) of possession of the credit cards;] or

[The defendant knew that the credit cards had been stolen and intended (to use the credit cards) (sell or transfer the credit cards to another person other than to the cardholder or issuer);] or
[The credit cards had been (stolen) (lost or mislaid) (delivered under a mistake as to identity or address of the cardholder).  The defendant knew or had reason to know that the credit cards had been (stolen) (lost or mislaid) (delivered under a mistake as to the identity or address of the cardholder).  The defendant retained possession of the credit cards with the intent to (use the credit cards) (sell or transfer the credit cards to another person other than to the cardholder or issuer);] or

[The defendant transferred possession of the credit cards to a person other than the cardholder with the intent to deceive or cheat;] or

[The defendant obtained possession of the credit cards from a person other than the issuer or the authorized agent of the issuer with the intent to deceive or cheat;] or

11

[The defendant (received) (sold) (transferred) the credit cards by making a false statement (about his identity or financial condition) (about the identity or financial condition of another) with the intent to deceive or cheat;]

5. This happened in New Mexico on or about the _____ day of_____, _____.

UJI 14-1686 NMRA (alterations in original) (footnotes omitted). The Committee Commentary explains that:

Presumably, the legislature assumed that one who possesses, receives, sells or transfers four or more credit cards is dealing in unlawfully obtained credit cards, and is not merely a petty thief.

The committee was of the opinion that the offense of dealing in credit cards may be committed in more than one way and that if alternative elements in Element 4 [of UJI 14-1686] are given, *it is not necessary for all jurors to agree on any single alternative element. It is only necessary that the jury unanimously agree that the defendant had possession of, received or transferred four or more credit cards in one or more of the unlawful manners set forth in Element 4.*

UJI 14-1686, Committee Commentary (emphasis added).

The crime of robbery is defined as:

Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

Whoever commits robbery is guilty of a third degree felony.

Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

12

NMSA 1978, § 30-16-2 (1973). The UJI stating the essential elements of the crime of armed robbery provides:

> For you to find the defendant guilty of armed robbery [as charged in Count _____], the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1.    The defendant took and carried away _____ (identify property), from _____ (name of victim) or from his immediate control intending to permanently deprive _____ (name of victim) of the _____ (property); [the property had some value;]
>
> 2.    The defendant was armed with a _____;
>
> 3.    The defendant took the _____ (property) by [force or violence] [or] [threatened force or violence];
>
> 4.    This happened in New Mexico on or about the _____ day of _____, _____.

UJI 14-1621NMRA (alterations in original) (emphasis and footnotes omitted.).

Defendant pled no contest to "dealing in credit cards of another." As articulated in Section 30-16-30, Element 4 of UJI 14-1686, and the Committee Commentary to UJI 14-1686, the crime of dealing in credit cards of another involves a defendant's *unlawful* possession of *four or more credit cards* of another person. At trial, the State is required to prove that a defendant came to unlawfully possess four or more of someone else's credit cards in the way or ways set forth in Sections 30-16-26, -27, -28, or -29, the statutes listed in Section 30-16-30. Thus, Element 4 of UJI 14-1686

13

sets forth the way(s), pursuant to these sections, that a defendant may come to unlawfully possess four or more of the credit cards of another. The italicized language of the Committee Commentary quoted above indicates that

> it is not necessary for all jurors to agree on any single alternative element. It is only necessary that the jury unanimously agree that the defendant had possession of, received or transferred four or more credit cards in one or more of the unlawful manners set forth in Element 4.

UJI 14-1686, Committee Commentary.

As the State notes, the copy of the plea agreement does not indicate which of the Element 4 alternatives Defendant pled no contest, or on which of them the State relied in charging Defendant with dealing with the credit cards of another. *See Franco*, 2005-NMSC-013, ¶ 14 (recognizing that "we treat statutes written in the alternative as separate statutes for purposes of the *Blockburger* analysis[,]" and discussing that "[t]his means that instead of looking at the statute in the abstract, we look at the 'legal theory' of the offense that is charged"). Only one of the Element 4 alternatives could be considered to be a lesser included offense of robbery; that Defendant unlawfully came into possession of the stolen credit cards by stealing them himself, pursuant to Section 30-16-26. *Cf. State v. Rodriguez*, 113 N.M. 767, 772, 833 P.2d 244, 249 (Ct. App. 1992) (indicating that when a crime is presented to the jury in the alternative with only one alternative being constitutionally permissible, the conviction must be set aside); *see also Powers*, 1998-NMCA-133, ¶ 17 (holding that

14

after the defendant was held in contempt for violating the order prohibiting domestic violence, which had an "extraordinarily broad definition of battery," the defendant could not also be charged with battery without violating double jeopardy).

In this case, however, Defendant acknowledges that, by pleading no contest, he admitted to being in possession of four or more stolen credit cards. Moreover, in connection with Defendant's entering into the plea, the State agreed to drop or not file any charges for theft of the credit cards. As such, Defendant did not plead to stealing the credit cards, and, when the plea was entered, the State was not required to prove, as its "legal theory" with regard to Element 4, that it was Defendant who stole the victims' credit cards.

Therefore, Defendant's admission in the no contest plea (to unlawful possession of four or more credit cards) does not sustain Defendant's burden of demonstrating that dealing in credit cards of another, in this case, is a lesser included offense of the armed robbery (to stealing the victims' purses). *See State v. Gonzales*, 1997-NMCA-039, ¶ 18, 123 N.M. 337, 940 P.2d 185 (holding that it is the defendant's burden to show that his subsequent criminal prosecution violated double jeopardy in a successive prosecution case).

Similarly, there is no basis for Defendant's suggestion that dealing in credit cards of another is the same, continuing offense, from the date of the armed robbery

October 21, 2005 to November 2, 2005, when Defendant was arrested for possession of the credit cards. The plea required Defendant to admit that he was unlawfully in possession of four or more credit cards on November 2, 2005, but it did not require Defendant to admit to stealing credit cards on October 21, 2005. These crimes are not "the same offense" for purposes of successive prosecution double jeopardy analysis in this case.

In addition, other elements of the two crimes are different under a same-elements analysis. For instance, the property at issue is not the same. In the armed robbery case, Defendant is charged with taking, and the State must prove that Defendant took the victim's purses—not credit cards. Recently, our Supreme Court has held that the Legislature intended to punish a defendant separately for theft of credit cards and theft of generic property such as a purse and cash. *Rodriguez*, 2005-NMSC-019, ¶ 27 (holding that a defendant could be separately convicted and punished for theft of a credit card and theft of "generic property" such as a purse and cash, without violating the double jeopardy clause).

The criminal statutes related to credit cards further supports the conclusion in *Rodriguez* that the Legislature intended to separately punish the taking of credit cards from the taking of other generic property items, such as a purse, or a purse and other types of cards, including, as in this case, debit and identification cards. In this regard,

the Legislature has expressly provided that the credit card statutes "shall not be construed to preclude the applicability of any other provision of the criminal law of this state." *See* NMSA 1978, § 30-16-38 (1971). Further, the Legislature has enacted separate and distinct statutory provisions that prohibit the unlawful possession and use of property items distinct from credit cards, such as debit cards. *See, e.g.*, NMSA 1978, § 58-16-16 (1990) (criminal penalty relating to unlawful possession of debit cards).

As another example of the difference in the elements of the two crimes, the conduct addressed by each is different. Armed robbery requires proof that Defendant was armed and took the property by force or violence, conduct that is not required as an element of dealing in the credit cards of another. The jury instruction for the three armed robbery charges requires the State to prove that on October 21, 2005, in Bernalillo County, New Mexico, Defendant took the purses of three individuals by force or violence and that Defendant was armed with a deadly weapon. UJI 14-1621. With regard to his conviction pursuant to a no contest plea for "[d]ealing in credit cards of another," Defendant only admitted that on November 2, 2005, in Bernalillo County, New Mexico, he was in possession of four or more stolen credit cards. *See* UJI 14-1686. Because each offense requires proof of at least one element that the other does not, they are not the "same offense."

Therefore, the successive prosecution of Defendant for dealing in credit cards of another and three counts of armed robbery in this case does not violate double jeopardy.

**CONCLUSION**

We affirm the district court's order denying Defendant's motion to dismiss.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**



_____
**CYNTHIA A. FRY, Chief Judge**



_____
**TIMOTHY L. GARCIA, Judge**