This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROMAN COLTER,**

    **Plaintiff-Appellee,**

**v.**                                                                                    **No. 32,266**

**BILLY EDWARDS,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Roman Colter
Florence, AZ

Pro Se Appellee

Billy L. Edwards
Deming, NM

Pro Se Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Billy Edwards appeals from the district court's order filed July 9, 2012. [RP 110-11] On appeal, Defendant asks this Court to grant his motion for stay and to reverse the district court's July 9, 2012, order. The calendar notice proposed to deny the motion for stay and to affirm the district court's July 9, 2012, order. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we deny Defendant's motion for stay, and we affirm the district court's July 9, 2012, order.

**DISCUSSION**

**A.    Defendant's Motion for a Stay Pending Appeal Outcome**

On July 11, 2012, Defendant filed a motion for a stay pending the appeal's outcome. Motions for stay may be filed in this Court, after review and ruling by the district court, pursuant to Rule 12-207(B) NMRA. We note that Defendant did not provide all the documentation and information required for this Court to review the district court's actions on the motion, as required by Rule 12-207(B). The supplemental record proper, however, indicates that the district court ruled on Defendant's motion for stay. [Supp. RP 135] The district court's order states that Defendant's motion for stay would be granted if Defendant posted a supersedeas bond in the amount of $2,000 to cover the $1,400 in damages awarded to Plaintiff in the district court's judgment. [Id. (¶ 6)]

A supersedeas bond is required to be posted in order to secure the underlying judgment pending Defendant's appeal to this Court. *See* NMSA 1978, Section 39-3-22(A) (2007) (stating in relevant part that "[t]here shall be no supersedeas or stay of execution upon any final judgment or decision of the district court in any civil action in which an appeal has been taken or a writ of error sued out unless the appellant or plaintiff in error, or some responsible person for the appellant or plaintiff in error, within sixty days from the entry of the judgment or decision, executes a bond to the adverse party in double the amount of the judgment complained of, with sufficient sureties, and approved by the clerk of the district court in case of appeals or by the clerk of the supreme court in case of writ of error").

Defendant has not filed the supersedeas bond required by Section 39-3-22(A) and the district court order; and sixty days have passed from entry of the district court's judgment against him that was filed July 9, 2012. [RP 110-11, 125-26] While in his response to the calendar notice Defendant has expressed his disappointment that this Court has proposed to affirm the district court's denial of his motion for stay, Defendant has not cited new, relevant facts or authorities that persuade us that the proposed disposition is incorrect or inappropriate. Under the circumstances, "[o]ur courts have repeatedly held that, in summary calendar cases, the burden is on the party

opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683.

For the reasons set forth herein and in the calendar notice, we affirm the district court's order denying Defendant's motion.

**B.    Issues on Appeal**

In his docketing statement, Defendant contends that the district court violated his double jeopardy rights because the court allowed Plaintiff to refile his case after it was dismissed. In addition, Defendant contends that the district court erred in entering the July 9, 2012 order. We affirm.

**C.    Double Jeopardy, Collateral Estoppel, and Res Judicata**

This is a civil action against Defendant for failure to pay rent and failure to vacate the premises. Early in the lawsuit, as the district court recognized, Plaintiff's initial complaint was dismissed without prejudice, and Plaintiff subsequently refiled a complaint against Defendant. [RP 3; SRP 135 (¶ 2)] The case was tried in a bench trial before the district court on May 8, 2012, and June 28, 2012, and the district court entered its final order on July 9, 2012. [RP 110-11]

The doctrine of double jeopardy is not applicable in this civil case. *See, e.g.*, *State v. Angel*, 2002-NMSC-025, ¶ 8, 132 N.M. 501, 51 P.3d 1155 (stating that "[t]he concept of 'attachment of jeopardy' arises from the idea that there is a point in a

4

criminal proceeding at which the constitutional purposes and policies behind the Double Jeopardy Clause are implicated and the defendant is put at risk of conviction and punishment"). Moreover, the doctrines of collateral estoppel and res judicata do not bar the second complaint, the trial, or the district court's final order, where the case was not tried on the merits or ruled upon prior to its dismissal without prejudice. *See, e.g.*, *Alba v. Hayden*, 2010-NMCA-037, ¶ 6, 148 N.M. 465, 237 P.3d 767 (stating that "[c]laim preclusion or res judicata bars relitigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits" and "[i]ssue preclusion or collateral estoppel prevents a party from re-litigating ultimate facts or issues actually and necessarily decided in a prior suit" (internal quotation marks and citations omitted)).

In his response to the calendar notice, Defendant has not cited new, relevant facts or authorities that persuade us that the calendar notice analysis on this issue was incorrect or inappropriate. Thus, as the appellate court, we presume that the trial court is correct. *See, e.g., Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990) ("The presumption upon review favors the correctness of the trial court's actions."). Moreover, the burden is on Defendant to clearly demonstrate that the district court erred. *See id.*

Defendant has not persuaded us that the district court erred on this issue and, therefore, we hold that the district court's final order is not barred by double jeopardy, collateral estoppel, or res judicata.

**D.    The July 9, 2012 order**

We review the July 9, 2012, order to determine whether the findings are supported by substantial evidence and whether the findings support the conclusions of law. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez*, 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990). "In accordance with the standard of review, when considering a claim of insufficiency of the evidence, the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

In this case, Plaintiff's predecessor-in-interest in the property in dispute, Mr. Jones, contended that Defendant wrongfully tried to take ownership and possess the property, vandalized it, did not pay rent while he occupied it, and would not surrender the premises to the rightful owner, Plaintiff. [RP 61-62] Defendant contended, however, that Mr. Jones conveyed the property to him and that he was the rightful owner. [RP 110 (¶ 1)]

6

At the hearing, Mr. Jones, the original owner of the property, testified that he prepared some documentation regarding the property so that Defendant could attempt to obtain financing to purchase it. [RP 110 (¶ 2)] In addition, evidence was presented that, by correspondence, Defendant voided any contract that may have existed between Defendant and Mr. Jones to purchase the property. [RP 110 (¶ 4)] Mr. Jones then conveyed the property to Plaintiff, and Plaintiff requested that Defendant pay rent for the time he had occupied the property and requested that Defendant vacate the premises. [RP 110-11] In addition, evidence was presented that Defendant was to pay $200 per month in rent while he occupied the premises, which Defendant failed to do for the seven months after the conveyance of the property to Plaintiff. [RP 110-11]

Based on this evidence, the district court found that Plaintiff was the rightful owner of the property, and therefore, the district court ordered Defendant to vacate the premises and to pay Plaintiff $1,400 in rent for the seven months Defendant occupied the property after its conveyance to Plaintiff. [RP 110-11]

We hold that substantial evidence supports the district court's finding that Plaintiff is the rightful owner of the property. Moreover, this finding supports the district court's conclusion to order Defendant to vacate the property and to pay back rent in the amount of $1,400. As we discussed in the calendar notice, to the extent that Defendant presented conflicting testimony at the hearing as to the intent of the

parties and the facts and events leading up to the dispute, and similarly continues to present conflicting statements in his response to the calendar notice, this Court does not reweigh the evidence or determine the credibility of the witnesses. *See Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."); *see also Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct. App. 1988) (recognizing that this Court lacks any opportunity to observe demeanor and we cannot weigh the credibility of live witnesses), *holding modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148.

We affirm the district court's July 9, 2012, order.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**