[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

Nos. 99-1457
    99-1458
    99-1680

UNITED STATES,

Appellee,

v.

EDWIN GUTIERREZ-RENTAS,

Defendant, Appellant.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]
[Hon. Jose Antonio Fuste, U.S. District Judge]
[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

---

Before

Stahl, Circuit Judge,
Coffin and Campbell, Senior Circuit Judges.

---

Maria Soledad Ramirez-Becerra on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.

**Per Curiam**. Edwin Gutierrez-Rentas appeals from concurrent sentences entered following guilty pleas for three separate drug offenses. In its brief, the government asks that the appeals be summarily dismissed.

I. Background

The pleas were entered pursuant to written plea agreements which were essentially identical ("the Agreements"). The Agreements purported to be pursuant to Fed.R.Crim.P. 11(e)(1)(C), but other language in the Agreements suggested that they were pursuant to Rule 11(e)(1)(B). Consistent with subsection (B), the Agreements stated that "the Court is not bound by this Plea Agreement, including but not limited to: the sentencing guidelines calculations, stipulations, and/or sentence recommendations." ¶ 7.

Consistent with subsection (C), however, the Agreements provided that the appropriate prison sentence within the applicable guideline range was 144 months. In arriving at that sentence, the parties agreed upon a base offense level of 34, which would be decreased by three levels for acceptance of responsibility and that

> [b]ased on the defendant's role in the
> offense as a manager the base offense

> level shall be increased by Two (2) levels.

The Agreements, ¶ 8(d). The district court in each case construed the Agreements as pursuant to Rule 11(e)(1)(C), accepted the Agreements and sentenced Gutierrez to 144 months in prison, the agreed upon sentence.

At sentencing and in his sentencing memoranda, Gutierrez argued in all three cases that he should receive a lower sentence than the 144 months specified in the Agreements because there was not a factual basis to support the agreed-upon two-level enhancement for his managerial role in the offense. He argued that the Agreements were ambiguous with respect to whether they were entered pursuant to Rule 11(e)(1)(B) or (C) and, therefore, the district court could accept the Agreements but modify the sentence.

In his consolidated appeal, Gutierrez does not repeat the argument that the Agreements should have been construed as pursuant to Rule 11(e)(1)(B). But he persists in the other half of his argument: that he should not have received the two-level enhancement that he agreed to because there is insufficient evidentiary support for a finding that he was a manager within the meaning of U.S.S.G. § 3B1.1(c). The government responds by arguing in its brief that because the Agreements were entered pursuant to Rule 11(e)(1)(C),

their terms were binding upon the sentencing courts once the Agreements were accepted. Therefore, the government asserts, the sentencing courts had no authority to modify the agreed upon sentences and the appeals should be summarily dismissed. We agree with the government that the sentences in all three cases should be affirmed, although the different circumstances in the three cases require separate explanations of our disposition in each case.

II. <u>Discussion</u>

As an initial matter, appellant's failure to argue on appeal that the district court erred in construing the Agreements as pursuant to Rule 11(e)(1)(C) provides grounds for affirming the sentences. Where a plea agreement is entered pursuant to subsection (C), the district court's only options are to accept or reject the plea under the terms agreed to by the parties. The court may not accept the plea and then "unilaterally" impose a more lenient sentence than that specified in a Rule 11(e)(1)(C) agreement. <u>See</u> <u>United States</u> v. <u>Moure-Ortiz</u>, 184 F.3d 1, 3 - 4 (1st Cir. 1999). "After the district court provisionally accepted the agreement, its only recourse was to reject the agreement if it found the negotiated sentence unsatisfactory." <u>Id.</u>, at 3; <u>see</u> <u>also</u> <u>United States</u> v. <u>Barnes</u>, 83 F.3d 934, 941 (7th Cir. 1996) ("The district court

-4-

does not have the power to retain the plea and discard the agreed-upon sentence, even if the sentence departs from what the guidelines might prescribe").

Appellant has never sought to withdraw his guilty pleas. Instead, he seeks only modification of the sentences entered pursuant to those pleas. Neither the district court nor this court has authority to grant the relief requested by appellant. See id. (noting in context of Rule 11(e)(1)(C) agreement that "[i]f we rule that some provision of the plea agreement is invalid, we must discard the entire agreement and require the [defendant] and the government to begin their bargaining all over again"). The relief that appellant seeks would only be available if the plea Agreements had been entered pursuant to Rule 11(e)(1)(B). Appellant waived the argument that the district courts erred in construing the Agreements as pursuant to subsection (C), however, by failing to explicitly make that argument in his brief. See Airport Impact Relief, Inc. v. Wykle, 192 F.3d 197, 207 (1st Cir. 1999) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived for purposes of appeal").

Even if Gutierrez had not waived it, the argument that the district courts erred in construing the Agreements

-5-

as pursuant to Rule 11(e)(1)(C) would not have prevailed. "This court has held that a question of the interpretation of the terms of a plea agreement is an issue of fact to be resolved by the district court." Giorgi, 840 F.2d at 1028. We have upheld the district court's construction of an ambiguous agreement where it was "consistent with the reasonable expectations of the parties." Id. The district courts' constructions of the Agreements met that standard in each of the three cases before us.

A. Appeal No. 99-1458

The transcripts of the change of plea hearing and sentencing hearing in this case leave no doubt that the parties understood the plea agreement to be pursuant to subsection (C). See United States v. Siedlik, 231 F.3d 744, 748 n.1 (10th Cir. 2000)(relying on statements by parties at change of plea hearing and sentencing to discern whether ambiguous plea agreement was pursuant to Rule 11(e)(1)(B) or (C)); United States v. Kummer, 89 F.3d 1536, 1543 (11th Cir. 1996)(same).

At the change of plea hearing, on October 28, 1998, the government attorney clearly stated that the plea was pursuant to Rule 11(e)(1)(C). Gutierrez did not dispute that statement and acknowledged his understanding of the court's explanation of the defining characteristics of a

-6-

subsection (C) agreement. At sentencing, the judge responded to Gutierrez' argument that the plea was ambiguous and should be construed as pursuant to subsection (B), by stating that the transcripts from the change of plea hearing made it "very clear" that the plea was entered pursuant to subsection (C). Any ambiguity in the language of the plea agreement was resolved at the change of plea hearing in this case. The district court's construction of the plea agreement as pursuant to subsection (C) at the sentencing hearing was consistent with the parties' reasonable expectations.

Gutierrez' sentence in this case is <u>affirmed</u>. <u>See</u> Loc. R. 27(c).

B. <u>Appeal No. 99-1457</u>

In this case, the ambiguous language of the Agreements was not resolved at the change of plea hearing. Instead, the district court's statements exacerbated the ambiguities by reiterating the contradictory terms included in the Agreements. However, the change of plea hearing in this case was held on November 4, 1998, only one week after the change of plea hearing in Appeal No. 99-1458. The agreements in the two cases were virtually identical. Therefore, Gutierrez was on notice that the Agreements had been interpreted as pursuant to Rule 11(e)(1)(C).

Nonetheless, Gutierrez did not seek to clarify at the change of plea hearing whether the agreement was entered pursuant to subsection (B) or (C).

At the sentencing hearing, the district court stated that when it accepted Gutierrez' guilty plea, it "considered the plea to be an 11(e)(1)(C) plea." Arguably, the district court ought to have acknowledged the ambiguous nature of the plea agreement at sentencing and given Gutierrez the opportunity to withdraw his plea if he had not intended to plea guilty pursuant to subsection (C). However, there would be little point in remanding now for the court to offer appellant the chance to withdraw his plea. Gutierrez seeks only to have his sentence modified, not to withdraw his guilty plea. He has consistently maintained that he does not wish to withdraw his guilty pleas. When offered the opportunity to do so during his sentencing hearing in Appeal No. 99-1680, he declined. Therefore, remand for that purpose would be futile. Gutierrez is not entitled to the relief he seeks.

Gutierrez' sentence in this case is <u>affirmed</u>. <u>See</u> Loc. R. 27(c).

C. <u>Appeal No. 99-1680</u>

In this case, as in Appeal No. 99-1457, the ambiguity in the language of the Agreements was not resolved

at the change of plea hearing. The district court merely repeated the contradictory language in the Agreements, suggesting that even if the court accepted the plea, it would not be bound by the sentencing provisions therein. Here again, however, the change of plea hearing in this case followed shortly after the change of plea hearing in Appeal No. 99-1458, at which the court had interpreted a practically identical plea agreement as pursuant to Rule 11(e)(1)(C).

At his sentencing hearing, Gutierrez argued that the plea agreement should be construed as pursuant to Rule 11(e)(1)(B) and that the court should not be bound by the stipulation to the role-in-the-offense enhancement. In response to Gutierrez' contention that he was not a manager under U.S.S.G. § 3B1.1, the sentencing court offered him the chance to withdraw his plea. The court clearly stated that it interpreted the plea agreement as pursuant to subsection (C), but gave Gutierrez the opportunity to withdraw the plea, if he had not intended to enter a subsection (C) agreement. Gutierrez declined to withdraw the plea and, instead, withdrew his request to be "relieved of [his] admission that [he] acted as manager."

Under these circumstances, the district court did not err in construing the agreement as pursuant to

subsection (C) at the time of sentencing.  The sentencing judge properly offered Gutierrez the opportunity to withdraw from the subsection (C) agreement if it did not represent his true intentions.  However, Gutierrez declined to do so.  Thereafter,  in treating the plea as pursuant to Rule 11(e)(1)(C),  the  district  court  acted  in  a  manner "consistent  with  the  reasonable  expectations  of  the parties." <u>Giorgi</u>, 840 F.2d at 1028.

Gutierrez' sentence in this case is <u>affirmed</u>. <u>See</u> Loc. R. 27(c).