# United States Court of Appeals
## For the First Circuit

No. 14-1948

UNITED STATES OF AMERICA,

Appellee,

v.

RONALD GALL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Kayatta and Barron, Circuit Judges,
and McAuliffe,* District Judge.

Benjamin L. Falkner, with whom Krasnoo, Klehm & Falkner LLP
was on brief, for appellant.
Juan Carlos Reyes-Ramos, Assistant United States Attorney,
with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, were on brief, for appellee.

July 15, 2016

---

* Of the District of New Hampshire, sitting by designation.

BARRON, **Circuit Judge**.  Ronald Gall pleaded guilty to one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  For that offense, the District Court sentenced him to 135 months in prison and 15 years of supervised release, subject to various conditions.  Gall challenges his conviction, his prison sentence, and one of his conditions of supervised relief.  We affirm the conviction and prison sentence, but vacate the challenged supervised release condition.  We therefore remand for partial resentencing.

## I.

In October 2013, officers of the Child Exploitation Investigations Group in San Juan, Puerto Rico, received information that six images of child pornography had been uploaded to the internet from two email addresses that Gall used.[1]  Based on that information, the officers obtained a search warrant for Gall's residence.

When the officers executed the warrant, they found that Gall possessed over 2,000 images and videos of child pornography.  The pornographic material included images of prepubescent children.

---

[1] Because Gall pleaded guilty, we take the facts from the uncontested portions of the change-of-plea colloquy, presentence report, and sentencing hearing.  See United States v. Torres-Landrúa, 783 F.3d 58, 61 (1st Cir. 2015).

Gall was charged with one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and eight counts of transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1). With respect to the possession count, the indictment alleged that the child pornography Gall possessed included depictions of "prepubescent children engaging in sexually explicit conduct."

A person convicted of possessing child pornography is generally subject to a ten-year maximum sentence. 18 U.S.C. § 2252(b)(2). The maximum sentence is higher, however, "if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age." Id. In that case, the maximum term of imprisonment is twenty years. Id.

Gall chose not to go to trial. Instead, he reached a plea agreement with the government. Under the agreement, he would plead guilty to "COUNT ONE of the indictment" -- the possession count -- and the government would drop the eight counts of transporting child pornography.

In describing the possession count, Gall's plea agreement did not expressly reference the fact, included in the indictment, that the child pornography that Gall possessed included images of prepubescent children. Nor was there any express reference to images of prepubescent children in the section of the plea agreement that recounted the factual basis for Gall's

- 3 -

plea.[2] Moreover, the agreement stated that the "maximum penalt[y]" for the count to which Gall would plead guilty was ten years in prison, which is the maximum prison sentence for possession of child pornography that does not depict prepubescent children. Id.

At Gall's change-of-plea hearing, the District Court advised Gall that he was pleading guilty to possession of child pornography and that the maximum available penalty was ten years' imprisonment. Gall agreed to the factual basis for the plea -- which, like the plea agreement, included no express statement that Gall possessed images of prepubescent children -- and the District Court accepted Gall's guilty plea.

The probation office then prepared the presentence report (PSR), and the parties appeared for sentencing. Before sentencing began, however, Gall's counsel notified the District Court that "there is an issue that I just found out, that I only noticed." Defense counsel continued, "[w]hen this Defendant pled guilty, he pled guilty to possession of child porn." Defense counsel then asked to go "[o]ff the record, if I can," and a sidebar discussion ensued.

---

[2] The only express reference to prepubescent images in the plea agreement was in the section of the agreement that calculated Gall's offense level under the United States Sentencing Guidelines. Those calculations included a two-level enhancement on the ground that "[t]he material involved a pre-pubescent minor."

- 4 -

Following the sidebar, the District Court then stated on the record:

> Based on what we discussed at sidebar off the record, it appears that at the change of plea hearing, Mr. Gall was not advised correctly as to the minimum and maximum terms of imprisonment to which he may be subject. So, therefore, we are going to have to start all over again.
>
> So, [defense counsel], you said we could have another change of plea hearing sometime next week.

The District Court also stated that it "underst[ood]" that "[t]he terms of the plea . . . will be the same."

Defense counsel agreed that "the terms of the plea agreement [would be] exactly the same" and that "[i]t's basically changing a sentence." And the District Court at that point added, "[b]ut certain matters have to be explained to Mr. Gall during the change of plea hearing, and we will have to do that."

When the parties reconvened for a second change-of-plea hearing, the government noted "for the purposes of the record" that there had been "an error" by the government "in the drafting" of the plea agreement, "specifically the maximum penalty for Count One in this case." The government stated that although the plea agreement "originally said [the maximum sentence] was 10 years, . . . it's actually 20 years, given the way that it's charged," that is, "[b]ecause this involves [images of] prepubescent minors." The government noted that the parties had

- 5 -

amended the plea agreement to state that the maximum sentence for Gall's offense was twenty years, not ten.

The District Court asked defense counsel whether she was "in agreement with what [the prosecutor] has indicated." She answered that she was. Gall also answered affirmatively when asked whether he "underst[ood] that because the indictment charges pornography involving prepubescent minors, the term of imprisonment is not more than 20 years rather than [not more than] 10 years." In addition, Gall agreed that he was "willing to plead guilty with these amendments to the plea agreement." Finally, Gall and defense counsel both agreed that it was not "necessary to go through the plea agreement colloquy" and that the District Court could go "straight to sentencing."

At sentencing, the District Court calculated Gall's sentencing range under the United States Sentencing Guidelines as 135 to 168 months -- the same calculation contained in the PSR, to which no party had objected. The District Court sentenced Gall to 135 months in prison and 15 years of supervised release. Gall now appeals both the conviction and the sentence.[3]

---

[3] The parties agree that the waiver-of-appeal provision in Gall's plea agreement does not bar this appeal, and we proceed on that understanding as well.

In challenging his conviction, Gall first argues that the District Court violated the Double Jeopardy Clause of the United States Constitution when it "effectively vacat[ed]" his first guilty plea and permitted the prosecution to continue via the second change-of-plea hearing. In making that argument, Gall contends that this first plea was to possession of child pornography and not to possession of prepubescent child pornography. From that premise, he then argues that the Double Jeopardy Clause barred the District Court from vacating that first plea and accepting the second. He thus contends that we must vacate the second plea and remand so that he may be resentenced in accordance with his first plea.[4]

The government responds that Gall mischaracterizes what happened below. The government insists that Gall's initial plea was to possessing prepubescent child pornography. The government

---

[4] Gall did not argue to us in his opening brief or reply brief that his plea to possession of prepubescent child pornography lacked an adequate factual basis, notwithstanding that the unobjected-to PSR reports that the images he possessed included those of prepubescent children. We therefore do not address that argument. See, e.g., Sandstrom v. ChemLawn Corp., 904 F.2d 83, 86 (1st Cir. 1990); cf. United States v. Delgado-Hernández, 420 F.3d 16, 32 (1st Cir. 2005) ("Because the record as a whole contains a 'rational basis in facts' to support [the defendant]'s guilty plea, [the defendant] fails to establish prejudice resulting from the court's inability to evaluate the factual basis proffered by the government during the proceedings below." (quoting United States v. Gandia-Maysonet, 227 F.3d 1, 6 (1st Cir. 2000))).

further contends that, by holding a second change-of-plea hearing, the District Court merely ensured that Gall was properly advised -- as he had not been at the initial change-of-plea hearing -- of the maximum prison term for the offense to which he was pleading.

But even assuming that Gall's characterization of what happened below is correct, his Double Jeopardy Clause challenge fails due to our decision in United States v. Santiago Soto, 825 F.2d 616 (1st Cir. 1987). In that case, we explained that "[t]he mere acceptance of a guilty plea does not carry the same expectation of finality and tranquility that comes with a jury's verdict or with an entry of judgment and sentence." Id. at 620. We explained that when "the judge [had] initially accepted the [defendant's] guilty plea [to a lesser-included offense] but then rejected it within the same proceeding," "without having imposed sentence and entered judgment," "[the] defendant was not placed in jeopardy in any meaningful sense." Id. For that reason, we concluded that "continuing [the] prosecution" of the defendant on the greater offense did not violate the Double Jeopardy Clause. Id.

Because Gall's case is not distinguishable from Santiago Soto, he has not shown any error, let alone the "clear or obvious" error that he must under the plain error standard of review that he concedes applies due to his failure to raise this challenge

below.  United States v. Figuereo, 404 F.3d 537, 540 (1st Cir. 2005) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)).  Accordingly, the Double Jeopardy Clause did not bar the government from "continuing its prosecution" of Gall on the greater offense, even if we assume, favorably to Gall, that his initial plea was to a lesser-included one.  Santiago Soto, 825 F.2d at 620.[5]

## III.

Gall next challenges his conviction on the ground that the Federal Rules of Criminal Procedure barred the District Court from "vacat[ing]" the first plea and accepting the second because the District Court took such actions after the PSR had issued. This challenge is also subject to review for plain error as it is also raised for the first time on appeal, as Gall acknowledges. See Figuereo, 404 F.3d at 540.  But even if we once again assume -- favorably to Gall -- that the initial plea was only to possession of child pornography and not to possession of child pornography depicting prepubescent children, this challenge still fails.

---

[5] Gall's reliance on United States v. Pena, 742 F.3d 508 (1st Cir. 2014), is unavailing.  In that case, we refused to permit the government to attempt to prove an offense element that would raise the mandatory minimum after the defendant had already been sentenced on a guilty plea explicitly disclaiming the existence of that element.

As Gall points out, we have interpreted Federal Rules of Criminal Procedure 11 and 32 to prohibit a trial court from accepting a bargained-for guilty plea, viewing the defendant's PSR, and then rejecting, without the defendant's consent, the previously-accepted bargained-for plea on the basis of the facts contained in the PSR. See United States v. Cruz, 709 F.2d 111, 115 (1st Cir. 1983), abrogation on other grounds recognized by Santiago Soto, 825 F.2d at 619. And we also have held that this bar applies even if the District Court does not rely on facts contained in the PSR, so long as the District Court vacates the guilty plea after the PSR is issued. See United States v. Kurkculer, 918 F.2d 295, 301-02 (1st Cir. 1990) (citing Cruz, 709 F.2d at 115).

But neither Cruz nor Kurkculer holds that a defendant may not consent to a district court vacating a plea after the PSR has issued. In fact, both cases indicate the opposite. See id. at 301 ("The [district] court may" "defer its decision [to reject or accept a guilty plea] until it has had the opportunity to review the presentence report" "only if it has the defendant's permission to [do so]." (citing Fed. R. Crim. P. 32)); Cruz, 709 F.2d at 115 ("Under Rules 11 and 32, the [district] court could not use [information it obtained from the PSR] to accept or reject the plea unless it had defendant's consent.").

These cases are thus of no help to Gall. The transcript suggests -- and Gall does not dispute in his opening brief -- that he did consent to the District Court's taking his second plea, even though the PSR by then had been issued. We therefore cannot say that the District Court committed clear or obvious error under either Rule 11 or Rule 32 in proceeding as it did. As a result, we cannot say that Gall has met his burden under the plain error standard of review.

**IV.**

Gall's final challenge to his conviction asserts that his lawyer provided ineffective assistance in violation of his Sixth Amendment rights. See Strickland v. Washington, 466 U.S. 668, 686 (1984). In Gall's view, the Sixth Amendment required his counsel to challenge the District Court's decision to (1) hold a second plea colloquy at which it advised Gall that his conviction was to possessing prepubescent child pornography and carried a maximum sentence of twenty years, not ten; (2) accept Gall's guilty plea to that offense; and (3) sentence Gall, consistent with that guilty plea, to more than ten years in prison.

Specifically, Gall contends that his counsel was obliged to argue that (1) Gall had entered into an agreement with the government whereby he would plead guilty to possession of child pornography (which carries a maximum sentence of ten years), rather than possession of prepubescent child pornography (which carries

- 11 -

a maximum sentence of twenty years); (2) Gall's initial guilty plea was consistent with that agreement, as it was a plea to possession of child pornography with a maximum sentence of ten years; and (3) the District Court was thus not permitted to reject the initially bargained-for plea. Gall further contends that he was prejudiced by counsel's failure to make this argument because, had that argument been successful, the longest prison term to which he could have been sentenced would have been ten years -- fifteen months shorter than the 135 months to which he was sentenced.

We usually decline to review ineffective assistance of counsel claims that are raised on direct appeal because such claims are often highly fact-dependent. Our practice is thus to leave them for initial consideration by the district courts in petitions that may be brought pursuant to 28 U.S.C. § 2255. See United States v. Vázquez-Larrauri, 778 F.3d 276, 293 (1st Cir. 2015). And although we have made exceptions "where the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration of an ineffective assistance claim" on direct appeal, id. at 293-94 (quoting United States v. Reyes, 352 F.3d 511, 517 (1st Cir. 2003)), this case is not of that ilk.

To find merit in Gall's Strickland claim, we would have to find merit in the argument Gall faults his counsel for failing to make. See United States v. Porter, 924 F.2d 395, 397 (1st Cir.

1991) (holding that counsel, to render effective assistance, "need not make meritless arguments").  But that determination depends, at least in part, on whether Gall's plea agreement provided that Gall would plead guilty to possessing child pornography and not prepubescent child pornography.  As we shall explain, however, the record on appeal is simply too undeveloped to permit us to make this critical determination.

The plea agreement is not clear on its face.  On the one hand, it states that Gall will plead guilty to "COUNT ONE" in the indictment, which charges possession of prepubescent child pornography, and includes a stipulation to an enhancement of two points to Gall's offense level under the Sentencing Guidelines for "material involv[ing] a pre-pubescent minor."  On the other hand, the agreement states that the maximum sentence Gall will face in consequence of pleading guilty to "COUNT ONE" is only ten years, which is the maximum prison sentence that applies to possessing child pornography as opposed to prepubescent child pornography, see 18 U.S.C. § 2252(b)(2).

Our precedent makes clear that such a facial ambiguity in a plea agreement does not in and of itself require us to construe the plea agreement in favor of the defendant.  Rather, when the words of a plea agreement are unclear, extrinsic evidence may be

considered to clarify the parties' understanding.[6]  Thus, Gall's

ineffective assistance claim ultimately hinges on what the

extrinsic evidence might show about the parties' understanding of

the agreement.

Perhaps that evidence supports the government's

contention that the parties agreed that Gall would plead guilty to

possession of prepubescent child pornography.  Perhaps that

evidence supports Gall's contention that the parties understood

that Gall would plead only to possession of child pornography.

Perhaps that evidence shows only that the parties' understanding

remains unclear and thus that the agreement must be construed as

---

[6] See United States v. Marchena-Silvestre, 802 F.3d 196, 202 (1st Cir. 2015) ("[W]e construe the terms and conditions in plea agreements in accordance with traditional principles of contract law, looking outside the document only as necessary to provide illuminating context or resolve ambiguities in the writing." (citations omitted)); United States v. Alegria, 192 F.3d 179, 183 (1st Cir. 1999) ("If a plea agreement unambiguously resolves an issue, that usually ends the judicial inquiry.  If, however, a plea agreement lacks clarity or is manifestly incomplete, the need to disambiguate may justify resort to supplementary evidence or other interpretive aids." (citation omitted)); United States v. Giorgi, 840 F.2d 1022, 1028-29 (1st Cir. 1988) (finding that "although the [plea] agreement did contain a facial ambiguity, the construction of that agreement by the court below [in favor of the government] was consistent with the reasonable expectations of the parties," and citing United States v. Fields, 766 F.2d 1161 (7th Cir. 1985), which defined reasonable expectations to include the parties' understanding of the terms of an agreement, see id. at 1169-70); see also United States v. Gutierrez-Rentas, 2 F. App'x 30, 32-34 (1st Cir. 2001) (per curiam) (construing an ambiguity in a plea agreement in favor of the government after considering what the parties "understood" the agreement to entail, as evidenced by statements made at the change-of-plea hearing).

Gall asks us to construe it in light of its ambiguous nature. See United States v. Newbert, 504 F.3d 180, 185 (1st Cir. 2007) ("Ambiguities in plea agreements are construed against the government.").

We are not, however, in any position to choose from among these possibilities given the limited record that we have before us. In fact, as we have noted, the record shows that the conversation between the District Court and the parties that led to the second plea colloquy took place off the record, and this conversation might well illuminate the parties' understanding of the agreement. We thus decline to depart from our usual approach in which we decline to resolve claims of ineffective assistance of counsel on direct appeal. See Vázquez-Larrauri, 778 F.3d at 293. Nevertheless, because Gall has shown a fair likelihood of success on this particular ineffective assistance of counsel claim, and because the claim is "factually complex and legally intricate" and "the facts are largely undeveloped and appellant (who is both incarcerated and indigent) is severely hampered in his ability to investigate them," we direct the District Court, "if [Gall] petitions for section 2255 relief and demonstrates continued financial eligibility, to appoint counsel for him under 18 U.S.C. § 3006A(a)(2)(B)." United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993).

- 15 -

We now turn to Gall's challenges to his sentence.  He raises four in all, some of which challenge the sentence as a whole and some of which focus on problems with certain aspects of it.

**A.**

Gall first argues that the prosecutor breached the plea agreement at the sentencing hearing and that the breach requires a new sentencing hearing.  Gall contends that the breach occurred when the prosecutor said to the District Court:

> Your Honor, in this case let me first state that we have no objection to the pre-sentence report.  Of course, it came back different than our plea agreement, but the calculations, we believe, are correct.  That being said, we are going to stand by our 87-month request in this.  We have [agreed to] a range of 70 to 87 months.  We are going to recommend a sentence of 87 months of imprisonment.

Gall argues that the prosecutor's statement that the calculations in the PSR were "correct" breached the plea agreement.  He points out that the PSR included two guideline enhancements -- one for the number of images possessed and the other for distribution of child pornography in exchange for a thing of value -- that were not in the plea agreement and that the parties had agreed in that agreement that "no further adjustments or departures to Defendant's base offense level shall be sought by the parties."

To succeed on this argument, Gall concedes that he must show plain error due to his failure to raise this argument below.

- 16 -

Gall thus must show that the government breached the plea agreement, that the breach was "clear or obvious," that Gall was prejudiced as a result, and that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Puckett v. United States, 556 U.S. 129, 135, 141-43 (2009) (alteration in original) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)); see also United States v. Riggs, 287 F.3d 221, 225 (1st Cir. 2002) (explaining that although plain error review "usually applies to errors committed by the court, we have also assessed governmental breaches of plea bargains, in the absence of a contemporaneous objection, under this same standard"). Gall has not done so.

The first problem for Gall concerns his argument that the prosecutor breached the plea agreement. The prosecutor stated that the government's position was that the calculations in the PSR correctly reflected the facts in the case. At the same time, the prosecutor sought only the enhancements in the plea agreement by recommending a sentence of 87 months -- a sentence that reflects the guideline calculations in the plea agreement, and not those in the PSR.[7] Thus, the prosecutor's statement to the District Court

---

[7] The plea agreement calculated an offense level of 27. Although the agreement left Gall's criminal history category open, the PSR calculated Gall's criminal history as category I, and a criminal history category I and offense level of 27 corresponds to a guideline range of 70 to 87 months. See U.S.S.G. Sentencing Table (2014).

does not reveal -- as Gall would have us conclude -- that the prosecutor sought enhancements beyond those set forth in the plea agreement. Rather, in responding to the District Court, the prosecutor appears to have carefully balanced his two (in this case competing) obligations to comply with the terms of the agreement and "to provide relevant information to the sentencing court." United States v. Almonte-Nuñez, 771 F.3d 84, 89-90 (1st Cir. 2014); see also United States v. Reyes-Santiago, 804 F.3d 453, 474 (1st Cir. 2015) ("'[T]he prosecution's solemn duty to uphold forthrightly its end of any bargain that it makes in a plea agreement' must be balanced against 'its equally solemn duty to disclose information material to the court's sentencing determinations.'" (alteration in original) (quoting United States v. Saxena, 229 F.3d 1, 5 (1st Cir. 2000))).

In addition, Gall has not now shown that he was prejudiced by any breach, even assuming that there was one. For while Gall objects to the prosecutor's statement that the guideline calculations in the PSR were "correct," defense counsel acknowledged at the sentencing hearing that the record supported the PSR's calculations. Moreover, the District Court's explanation for Gall's sentence does not indicate that the District Court adopted the calculations in the PSR because of the prosecutor's statement, or that the District Court would not have adopted those calculations absent that statement. For these

reasons, Gall has not shown the prejudice necessary to establish plain error in this case.  See Puckett, 556 U.S. at 141-42.[8]

**B.**

Gall next argues that the District Court erred when it applied a five-level enhancement to his base offense level under U.S.S.G. § 2G2.2(b)(3)(B).  That enhancement applies when a person convicted of possessing child pornography also distributed child pornographic materials "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."  Id. But Gall waived this objection below.

The PSR stated that Gall distributed child pornography "for the receipt, or expectation of receipt, of a thing of value," and described online communications in which Gall requested images from others, expressed appreciation for images that others had sent him, and, in one instance, demanded, "U first so I can build trust send photos."  Gall did not object to the PSR, and at the sentencing hearing defense counsel expressly remarked, while in Gall's presence, on the PSR's application of the five-level enhancement that Gall now challenges.  Defense counsel stated that the enhancement applied because Gall "would upload and would

_____

[8] Gall also argues that counsel was ineffective in failing to object to the prosecutor's statement on the ground that it constituted a breach of the plea agreement.  Although we are doubtful that this argument has merit, we leave it to be raised, if Gall so chooses, in a § 2255 petition.

exchange images" and "would get something in return." Defense counsel moreover characterized Gall, again in Gall's presence, as somebody "going through the Internet and browsing and actually exchanging images with other people that are as sick as him." Gall therefore cannot challenge that enhancement on appeal. See United States v. Murphy-Cordero, 715 F.3d 398, 400-01 (1st Cir. 2013) (holding that defense counsel's "admi[ssion] in the district court that the defendant possessed firearms during the commission of the offense of conviction" waived for the purposes of appeal any objection to the application of a two-level enhancement for possession of a dangerous weapon).[9]

## c.

Gall next argues that, even if the District Court correctly calculated the guidelines sentencing range, his 135-month prison sentence is substantively unreasonable and that he should have been sentenced in accordance with the much lower sentencing range -- 70-87 months -- that the parties recommended in the plea agreement. But the District Court is not bound by such a recommendation, see United States v. Reverol-Rivera, 778 F.3d 363, 367 (1st Cir. 2015), and the actual sentence Gall received is at the low end of the guideline sentencing range of

---

[9] Gall contends that counsel's performance was constitutionally deficient because she failed to object to this enhancement. We leave that argument, too, for a § 2255 petition.

- 20 -

135 to 168 months. Thus, for Gall's substantive reasonableness challenge to succeed, the parties agree, he must make the difficult showing that the District Court abused its discretion in not imposing a below-guidelines sentence. Gall has not done so.

To support his argument, Gall points to various mitigating factors. He is, as he puts it, "a 54-year-old father of four who stopped his education in eleventh grade to help his mother by working," who worked "his entire life" and has "a childhood history of being sexually abused, which led him to alcoholism." Gall also argues that he "just possessed" child pornography and exhibited "no intentions of actually . . . molesting any child." Accordingly, he contends that a sentence of 70 to 87 months, as recommended in the plea agreement, would be sufficient for him to receive "treatment," and that a long term of civil commitment or supervised release would provide adequate punishment and deterrence.

The District Court determined, however, that sentencing within the below-guidelines range proposed by the parties would "not reflect the seriousness of the offense, [] not promote respect for the law, [] not protect the public from further crimes by Mr. Gall, and [] not address the issues of deterrence and punishment." The District Court further explained that although Gall did not "touch[] or abuse[]" children himself, his possession of child pornography fueled the market for child pornography, and thus

indirectly harmed children.  And the District Court offered this explanation for its sentence after discussing some of the mitigating factors Gall identifies and after having been made aware of the others either by the PSR or by the arguments that Gall's counsel made at the sentencing hearing.  Thus, Gall's challenge to the substantive reasonableness of the sentence fails.  See United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008) (explaining that a "plausible sentencing rationale and a defensible result" form the "the linchpin" of a substantively reasonable sentence); see also United States v. Rivera-Clemente, 813 F.3d 43, 53 (1st Cir. 2016) ("The sentencing court has 'the latitude to emphasize the nature of the crime over the mitigating factors, and such a choice of emphasis . . . is not a basis for a founded claim of sentencing error.'" (alteration in original) (quoting United States v. Ramos, 763 F.3d 45, 58 (1st Cir. 2014))).

**D.**

Gall's final challenge to his sentence focuses on the special condition on his 15-year term of supervised release that limits his access to all pornographic material.  He concedes that he did not object to this condition below and that he must meet the plain error standard.  We conclude that he has done so.

The special condition that Gall challenges provides that Gall may not:

view, use, possess, purchase, distribute or
subscribe to any form of pornography, erotica
or sexually stimulating visual or auditory
material, electronic media, computer programs
or service, including but not limited to
videos, movies, pictures, magazines,
literature, books, or other products depicting
images of nude adults or minors in a sexually
explicit manner.

The condition further forbids Gall from entering any location where

such material can be accessed.  It states:

Defendant shall not enter any location where
pornography, erotica or sexually stimulating
visual or auditory material can be accessed,
obtained or viewed, including adult
pornography shops, strip or topless clubs,
massage parlors, or any business where the
primary function is to provide pornography or
sexual services.[10]

Our prior decisions in United States v. Perazza-Mercado,

553 F.3d 65 (1st Cir. 2009), and United States v. Medina, 779 F.3d

55 (1st Cir. 2015), guide our analysis in this case.  In each case,

we considered, on plain-error review, challenges to conditions

that prohibited the defendants in those cases from possessing any

_____

[10] Gall does not challenge the final line of the special
condition, which prohibits him "from accessing any material that
relates to the activity in which he was engaged in committing his
offense, namely child pornography."  Nor does Gall challenge the
entire condition as vague, and so we need not decide whether it
presents a vagueness problem.  See United States v. Medina, 779
F.3d 55, 61 n.5 (1st Cir. 2015) (taking this same approach to a
similar condition where no vagueness issue was presented); cf.
United States v. Perazza-Mercado, 553 F.3d 65, 81 (1st Cir. 2009)
(Howard, J., dissenting in part) (raising possible concerns about
the vagueness of a condition that prohibited a defendant from
possessing "any kind of pornographic material").

- 23 -

pornographic materials. Medina, 779 F.3d at 61-62; Perazza-Mercado, 553 F.3d at 74-75. In finding for the defendant in each case, we explained that a trial court must "provide a reasoned and case-specific explanation for the sentence it imposes," and we held that the trial court had not done so with respect to the special condition banning the defendant's possessing any pornography. Medina, 779 F.3d at 61-63; Perazza-Mercado, 553 F.3d at 75-76. We further held that the district court's reasoning could not be inferred from the record, Medina, 779 F.3d at 63; Perazza-Mercado, 553 F.3d at 75-76, as there was no evidence in the record to support the conclusion that pornography had "contributed to [the defendant's] offense or would be likely to do so in the future," Perazza-Mercado, 553 F.3d at 76; accord Medina, 779 F.3d at 63 (same).

The facts of this case differ from those in Perazza-Mercado and Medina in that Gall was convicted of possessing child pornography whereas the defendants in Perazza-Mercado and Medina were not convicted of child-pornography-related offenses. See Perazza-Mercado, 553 F.3d at 66 (sexual contact with a minor); Medina, 779 F.3d at 57 (failure to register as a sex offender). But, as we will explain, that difference does not require a different outcome here.

In this case, as in both Medina and Perazza-Mercado, the District Court did not provide any explanation for imposing the

- 24 -

special condition that Gall challenges on appeal. To show that the explanation may be inferred from the evidence in the record, the government points to the statement in the PSR that Gall's longtime partner "indicated [that] Mr. Gall would have her watch adult pornography with him and start online conversations with adults erotically" and that she "indicated Mr. Gall would want her to be part of these conversations." But a similar fact was present in Medina, see Medina, 779 F.3d at 63 (stating that the PSR "note[d] that [the defendant's] ex-wife 'indicated that they often watched pornography together while having intercourse,'" and that this occurred "at approximately the same time as [the defendant's] underlying sex offense"), and was deemed insufficient because "nothing in the record link[ed] th[at] single reference, involving lawful adult behavior, to the criminal acts that serve[d] as the basis for the special supervised release condition," id. So, too, here. In fact, Gall's partner told the probation office that although she participated in Gall's erotic online conversations with adults, she did not see any child pornography.

The government does contend that the condition is "reasonably related to the need for correctional treatment, since Gall proved to be obsessed with pornography (of both adults and children), and because some studies find a link between recidivism of sexual offenders and exposure to pornography." But we are not sure what the government means by "obsessed," and the government

has not explained why the record supports that characterization. Nor is there any indication that the District Court imposed this condition on the basis of a determination that the link that the government contends is identified in "some studies" is strong enough to support this condition. Thus, we believe our decision in Medina and Perazza-Mercado control, as the record provides no basis for inferring an explanation that the District Court otherwise did not supply. See Perazza-Mercado, 553 F.3d at 77-79 (conducting the plain error analysis); Medina, 779 F.3d at 64 (relying on Perazza-Mercado to find plain error without conducting the four-pronged analysis).

This leaves Gall's challenge to the portion of the special condition that prohibits him from entering any location where pornographic materials are available. But this portion of the condition is plainly erroneous for the same reason the prohibition on Gall's possessing such pornographic materials is plainly erroneous: the District Court gave no explanation for imposing it and the record is not one that permits us to impose it.[11]

---

[11] Because the entire special condition (save the last line regarding child pornography, which Gall does not challenge) may be vacated on the ground that it lacks "adequate evidentiary support in the record," United States v. Roy, 438 F.3d 140, 144 (1st Cir. 2006), we need not address Gall's constitutional challenge or his contention that his counsel below was ineffective in not objecting to the condition.

**VI.**

In sum, we **<u>vacate</u>** the condition of supervised release that prohibits Gall from possessing adult pornography and from entering any location where such pornography is available, and we **<u>remand</u>** for resentencing limited to a re-examination of that condition.  We **dismiss** Gall's challenge to his conviction and sentence on the basis of ineffective assistance of counsel without prejudice to his bringing that challenge in a § 2255 petition.  We otherwise **<u>affirm</u>**.