**IN THE COURT OF APPEALS OF IOWA**

No. 23-1746
Filed February 5, 2025

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JOHN ROBERT GRAFTON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Stuart Werling, Judge.


　　　　A defendant appeals his sentences stemming from a rule 2.10(3) plea agreement. **SENTENCES VACATED AND REMANDED FOR RESENTENCING WITH DIRECTIONS.**


　　　　Martha J. Lucey, State Appellate Defender, for appellant.

　　　　Brenna Bird, Attorney General, and Joshua Henry and Darrel Mullins, Assistant Attorneys General, for appellee.


　　　　Heard by Greer, P.J., and Langholz and Sandy, JJ.

**SANDY, Judge.**

"As with the wisdom about liberty, it seems that the price of justice in a system driven by plea bargaining is eternal vigilance." *State v. Hanes*, 981 N.W.2d 454, 464 (Iowa 2022) (McDermott, J., dissenting). This case provides a stark reminder that a lack of vigilance during the plea-bargaining process can result in deprivations of liberty for criminal defendants.

John Grafton entered into a universal plea agreement with the State to resolve three separate criminal cases pending against him. Grafton maintains the plea agreement he entered into was an Iowa Rule of Criminal Procedure 2.10(3) plea agreement conditioned on the district court's concurrence. At the conclusion of his sentencing hearing, Grafton received a harsher sentence than the sentence contemplated by his plea agreement. On appeal, Grafton challenges his sentence arguing (1) he should have been given an opportunity to withdraw his plea; (2) the sentence violates double jeopardy; and (3) the district court abused its discretion in sentencing him.

Because we find Grafton entered into a rule 2.10(3) plea agreement and the district court rejected the agreement, we conclude the district court was required to give him an opportunity to withdraw his plea. It did not do so. Accordingly, we vacate his sentence and remand for resentencing with directions.

## I. Background Facts and Proceeding Facts

Over the course of 2023, the State initiated three separate criminal cases against Grafton. In case number OWCR427347, Grafton was charged by trial information with operating while intoxicated (third offense), a class "D" felony;

driving while barred, an aggravated misdemeanor; and driving while license denied or revoked, a serious misdemeanor.

In case number OWCR428222, he was charged by trial information with operating while intoxicated (third offense), a class "D" felony; eluding a pursuing law enforcement vehicle in excess of the speed limit by twenty-five miles per hour or more, a class "D" felony; driving while barred, an aggravated misdemeanor; and two counts of driving while license denied or revoked, each a serious misdemeanor.

Finally, in case number FECR430922, Grafton was charged by trial information with theft in the second degree, a class "D" felony; and operating a vehicle without owner's consent, an aggravated misdemeanor. In each case, the State indicated it would seek sentencing enhancements based on Grafton's status as a habitual offender.

In July 2023, Grafton entered into a universal plea agreement with the State to resolve the three cases pending against him. As a condition of the agreement, Grafton agreed to plead guilty to all pending charges across the three cases. Additionally, the plea agreement provided:

> This is an open plea. Each of the parties are free to make any sentencing recommendation they deem appropriate. However, on the express condition that this plea is accepted by **August 31, 2023** the State agrees to the following sentencing concessions: (1) The State will not seek the habitual offender sentencing enhancement; (2) The State will recommend that any sentences imposed in Case FECR430922, OWCR42822, and OWCR[4]27347 run concurrent to each other and concurrent to a probation revocation in Case FECR420863.

On the last page of the plea agreement, the following sentence appeared in bold type: "Concurrence of the Court to this Agreement is/is not a condition to the

acceptance of the plea." Neither the defendant nor the State circled or crossed out either option.

Fortunately, the plea agreement was not the only written document filed. On the same day the plea agreement was entered into, Grafton filed written guilty pleas in each of the three cases. All three written guilty pleas indicated the plea agreement was conditioned on the district court's concurrence and provided:

> This written guilty plea is entered pursuant to Iowa Rule of Criminal Procedure 2.10 based upon an agreement with the State concerning the charge(s) against me and my sentence. If, at the time of sentencing, the court does not accept the plea agreement, I may withdraw my plea of plea of guilty.

Following the entry of the plea agreement, the district court issued an order in each of the three respective cases accepting the plea agreement. In case numbers OWCR427347 and OWCR42822, the district court expressly stated, "the Court's concurrence IS a part or condition of the plea agreement," and that Grafton would be afforded an opportunity to withdraw the guilty plea" if the district court chose to reject the plea agreement. The State did not object nor request an order *nunc pro tunc*.[1]

The district court held a sentencing hearing on October 11, 2023.[2] At the hearing, Grafton advocated for supervised probation. When asked for its recommendation, the State advocated for incarceration. The State added:

> Moving on, per the plea agreement, the State has agreed that all counts in this cause run concurrent to each other, along with concurrent to a stipulated probation revocation in Cause

---

[1] Oddly, the district court order in case number FECR430922 did not contain the same language concerning the rule 2.10(3) plea agreement and the district court's concurrence.

[2] No in-person record plea hearing occurred.

FECR420863. That essentially caps liability for Mr. Grafton at a total of an indeterminate sentence not to exceed 5 years.

However, the district court opted not to follow the sentencing scheme provided in Grafton's plea agreement. In pronouncing Grafton's sentences, the district court stated:

> Further, based on the seriousness of these offenses, and the repetitive nature of these offenses, the Court believes that an enhanced sentencing beyond the recommendation of the State is warranted. For those reasons, in this matter, the Court will impose a period of concurrent sentences as to some charges and consecutive sentences as to some charges that I will announce as we are entering those sentences herein.

The district court subsequently sentenced Grafton, ordering all but three sentences to run concurrently to each other. In case number FECR430922, Grafton received an indeterminate five-year sentence for his conviction for second-degree theft. In case number OWCR428222, he received an indeterminate five-year sentence for his conviction for operating intoxicated. He received the same sentence for his conviction for operating while intoxicated in case number OWCR427347. These specific sentences were ordered to run consecutively. In effect, this meant Grafton received an indeterminate fifteen-year prison sentence. Despite receiving a more severe overall sentence than the one provided for in his 2.10(3) plea agreement, Grafton was never afforded an opportunity to withdraw his plea.

This appeal followed.

## II. Standard of Review

We review a district court's "application of the rules of criminal procedure for correction of legal error." *State v. Hurlburt*, 970 N.W.2d 259, 264 (Iowa 2022).

Our review in challenges to criminal sentences is for correction of errors at law. *State v. Patton*, 981 N.W.2d 126, 130 (Iowa 2022).

### III. Good Cause

Before conducting our analysis, we must determine whether Grafton has established good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2023). If a defendant does not establish good cause, we lack jurisdiction over the appeal. *See State v. Clark*, No. 22-1653, 2024 WL 3292545, at *2 (Iowa Ct. App. July 3, 2024) (finding the court lacked jurisdiction over the appeal because the defendant failed to establish good cause). The State does not assert Grafton has failed to establish good cause. But even if a challenge to our jurisdiction is not made, we still are required to independently assess whether we have jurisdiction over an appeal. *See Crowell v. State Pub. Def.*, 845 N.W.2d 676, 681 (Iowa 2014) ("Although no party challenges this court's jurisdiction in this case, an appellate court has responsibility *sua sponte* to police its own jurisdiction.").

We conclude Grafton has established good cause because he makes at least one challenge to his underlying discretionary sentences. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (concluding a defendant established good cause because he challenged his "sentence rather than the guilty plea," and the sentence was "neither mandatory nor agreed to" as part of the plea agreement). Additionally, because Grafton has established good cause for at least one of his claims, we have jurisdiction over all his claims on appeal. *See State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023) (concluding an appellate court has jurisdiction over an entire appeal if good cause is established for at least one claim).

**IV. Analysis**

**A. Plea Withdrawal**

*1. Error Preservation*

Before addressing the merits of Grafton's argument that the district court should have given him an opportunity to withdraw his plea pursuant to a rule 2.10(3) plea agreement, we note the State contends he did not preserve error on this issue. As the State argues, "Grafton's claim that he should have been afforded an opportunity to withdraw his pleas prior to the imposition of sentence is purely procedural and he was thus required to preserve error on it." For this proposition, the State relies on *Tindell v. State*, a case in which the supreme court held that sentences illegally imposed due to procedural errors were subject to normal error preservation rules. 629 N.W.2d 357, 359 (Iowa 2001) (explaining "our cases[] allow challenges to *illegal* sentences at any time, but they do not allow challenges to sentences that, because of procedural errors, are illegally *imposed*").

Additionally, the State advances that if the plea agreement was ambiguous relative to whether it was a rule 2.10(3) plea, Grafton never filed a motion in arrest of judgment claiming a defect in his plea proceedings. The State adds, "Grafton never filed any motion in arrest of judgment, let alone one claiming a defect in the plea agreement itself." The State contends failure to do so precludes Grafton from claiming the district court erred by not giving him an opportunity to withdraw his plea. We disagree on both points and conclude Grafton was not required to raise this issue to preserve error on appeal.

We think the State's reliance on *Tindell* is misplaced given one of our supreme court's recent opinions. In *State v. Chawech*, the supreme court

explained that substantively illegal sentences and procedural defective sentences are immune from normal rules of error preservation on direct appeal. 15 N.W.3d 78, 85 (Iowa 2024) ("[B]oth illegal-sentence challenges and procedural-defect challenges are excepted from our error preservation requirements."). Further, the court in *Chawech* cast doubt on *Tindell's* application to a direct appeal. *Id.* at 86 (noting *Tindell* involved a postconviction proceeding and concluding it was not "particularly relevant" to a defendant's claim of a procedurally defective sentence on direct appeal). Accordingly, we find Grafton was not required to raise the issue of the district court's failure to comply with rule 2.10(3) to preserve such a claim on direct appeal regardless of whether the error was procedural or substantive.

Second, we reject the State's argument that, because Grafton did not file a motion in arrest of judgment prior to the sentencing hearing he is precluded from raising this issue on direct appeal. Grafton was under the impression—and for good reason—that his plea agreement was a rule 2.10(3) plea agreement conditioned on the district court's acceptance. The State's argument on this point assumes that there was a defect in the plea agreement prior to the sentencing hearing. But, as explained below, when the record is viewed in its entirety, we conclude there was no defect in the plea agreement. As such, we cannot conclude Grafton was required to file a motion in arrest of judgment to preserve his claim on this issue. *See State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) ("The rule has no applicability to a situation, as in this case, where the defendant does not know the deficiency in the plea proceeding until after sentencing.").

Because we find Grafton is entitled to raise this claim for the first time on direct appeal and was not required to file a motion in arrest of judgment to preserve error, we proceed to the merits of his argument.

*2. Merits*

We begin by noting the parties are diametrically opposed on the issue of whether Grafton's plea agreement was a rule 2.10(3) agreement. Grafton asserts that his plea agreement was a rule 2.10(3) agreement. To support this argument, he points to his three written guilty pleas, which clearly indicate his plea agreement was a rule 2.10(3) agreement conditioned on the district court's acceptance. Additionally, he highlights that two of the three district court orders accepting his written guilty pleas stated the plea agreement was a rule 2.10(3) agreement conditioned on the district court's concurrence. He also claims that the fact the plea agreement does not affirmatively indicate whether it is conditioned on the district court's acceptance is not fatal to his case.

The State argues we should look only to the written plea agreement itself to ascertain whether the agreement was conditioned on the district court's concurrence and consider nothing else. The State seems to suggest the supreme court's recent decision in *State v. Hightower*, 8 N.W.3d 527 (Iowa 2024), indicates appellate courts are only to consult the plea agreement itself to determine whether a plea is a rule 2.10(3) plea. And the State argues that because the plea agreement does not affirmatively indicate whether it was conditioned on the district court's concurrence, rule 2.10(3)(b)(1) does not apply. Further, the State claims that rule 2.10(b)(1)(3) is inapplicable unless the parties agree to a "specific sentence." In the State's view, because the parties did not agree to a specific

sentence, rule 2.10(3)(b)(1) is inapplicable. Thus, the State believes Grafton was not entitled to an opportunity to withdraw his plea. We disagree with the State.

Rule 2.10(3)(b)(1) provides:

> When the plea agreement is conditioned upon court approval of a sentencing agreement, and the court determines it will reject the sentencing agreement, the court shall inform the parties of this fact and afford the defendant an opportunity to withdraw the plea. If the court defers its decision to accept or reject the plea agreement and later decides to reject the plea agreement after receiving the presentence investigation report, the court shall likewise afford the defendant the opportunity to withdraw the plea.

Iowa R. Crim. P. 2.10(3)(b)(1). We have previously held that the district court abuses its discretion when it fails to comply with the requirements of rule 2.10(3)(b)(3). *State v. Malone*, 511 N.W.2d 423, 425 (Iowa Ct. App. 1993).

We begin our analysis by noting our disagreement with the State's contention that the supreme court's recent decision in *Hightower* mandates that we only consult the plea agreement itself to determine whether it was conditioned on the district court's concurrence. Such a reading of *Hightower* is illogical because in *Hightower* there was no plea agreement, only a written plea of guilty memorializing the plea agreement. 8 N.W.3d at 532. And the *Hightower* court analyzed the written guilty plea to determine whether the defendant had entered into a plea agreement conditioned on the district court's acceptance. *Id.* The State cites no language from *Hightower* that stands for the proposition that we are limited to only consulting the plea agreement to determine whether a plea is governed by rule 2.10(3).

Further, as Grafton points out, our own case law suggests that we may consult written guilty pleas and district orders accepting such pleas to ascertain

whether the defendant entered into a plea agreement conditioned on the district court's concurrence. *See State v. Williams*, No. 22-1463, 2023 WL 5093366, at *4 (Iowa Ct. App. Aug. 9, 2023) (consulting the district court order accepting the defendant's guilty plea to determine whether the defendant entered into a plea agreement conditioned on the court's concurrence);[3] *State v. Hoffman*, No. 21-1134, 2022 WL 468739, at *3 (Iowa Ct. App. Feb. 16, 2022) (consulting the defendant's guilty plea to determine whether his plea agreement was conditioned on the district court's concurrence). When Grafton's written guilty pleas and the district court orders accepting his pleas are considered, we have little difficulty in concluding he entered into a plea agreement conditioned on the district court's concurrence.

But this does not end our analysis. The State also contends rule 2.10(3)(b)(1) is inapplicable in this case because it asserts the supreme court's decision in *Hightower* is clear that a "specific sentence" must be agreed upon by the parties for the rule to apply. In *Hightower*, the supreme court found rule 2.10(3) was inapplicable because the defendant at issue and the State did not agree upon "any specific sentence." 8 N.W.3d at 542. The written guilty plea at issue in *Hightower* only provided that the State was to follow a presentence

---

[3] In *Williams*, we analyzed the district court order accepting the defendant's guilty plea and noted the State did *not* contest our doing so. 2022 WL 5093366, at *4. But here, the State *does* contest looking past the plea agreement to determine whether the defendant entered into an agreement conditioned on the district court's acceptance. We find this argument unpersuasive. Given the constitutional rights a defendant gives up by entering into a plea agreement, we find it is a sensible approach to consult additional items in the record to clarify potential ambiguities in a plea agreement. *See United States v. Gall*, 829 F.3d 64, 72 (1st Cir. 2016) ("[W]hen the words of a plea agreement are unclear, extrinsic evidence may be considered to clarify the parties' understanding.").

investigation report's (PSI) recommendation or advocate for a suspended sentence. *Id.* But as the court noted, if the PSI report recommended incarceration, the State was free to advocate for incarceration. *Id.* Additionally, the court pointed out the defendant "wasn't bound at all" and was free to argue any punishment he desired. *Id.* Thus, the court concluded rule 2.10(3) was inapplicable because the parties had not agreed "upon a sentence." *Id.*

The State seems to suggest that the phrase "specific sentence"—as used by the court in *Hightower*—means "complete" agreement on all aspects of a potential sentence. We do not read *Hightower* to stand for the proposition that rule 2.10(3)(b)(1) only applies to plea agreements where a defendant and the State agree on all aspects of a potential sentence. When more factual context is added to the court's analysis in *Hightower*, we believe it becomes clear the court found rule 2.10(3) did not apply because the parties' plea agreement functionally left the State with the option to recommend any possible sentence.

We believe this case is distinguishable from *Hightower* because the plea agreement at issue here is much more concrete and specific. In exchange for Grafton pleading guilty to all charges against him, the State agreed to recommend that all sentences run concurrently. This capped Grafton's liability at five years. Additionally, the State agreed to not seek enhanced sentencing based on Grafton's status as a habitual offender. This is very different than the virtual nonagreement at issue in *Hightower*. We believe the sentencing agreement between Grafton and

the State was sufficient for purposes of rule 2.10(3)(b)(1). Thus, we conclude the rule should have been applied in this case.[4]

Because we find Grafton entered into a plea agreement conditioned on the district court's concurrence and the court rejected the sentence contemplated in his agreement, we conclude he should have been given an opportunity to withdraw his plea. We thus vacate Grafton's sentences and remand for resentencing. For resentencing, the sentencing judge must ensure compliance with rule 2.10(3)(b)(1) and afford Grafton the opportunity to withdraw his plea if the court decides to reject his plea agreement.

## V.  Conclusion

In sum, we find Grafton entered into a rule 2.10(3) plea agreement conditioned on the concurrence of the district court. Because the district court imposed a harsher sentence than the one contemplated by his plea agreement, Grafton should have been afforded the opportunity to withdraw his plea. We thus vacate his sentences and remand for resentencing. On resentencing, the district court shall give Grafton an opportunity to withdraw his plea if the court rejects his

---

[4] The State contends Grafton's argument on this issue "is really a challenge to his pleas based on an alleged defect in the plea proceedings." Thus, the State posits application of Iowa Code section 814.29 should result in Grafton's claim failing. Section 814.29 provides that, with a challenge to a guilty plea, "the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred." Iowa Code § 814.29. Because Grafton made no such showing, the State believes his claim on this issue should fail. But we disagree with the State's framing of Grafton's claim and determine section 814.29 is inapplicable to his claim. *See State v. Barnes*, No. 21-1939, 2023 WL 3860153, at *1 n.1 (Iowa Ct. App. June 7, 2023) (determining a defendant's claim that the district court failed to comply with rule 2.10(3) was a sentencing challenge and section 814.29 was not applicable to such a challenge).

plea agreement.  Because we find Grafton's rule 2.10(3) claim to be dispositive, we do not address his remaining claims.

**SENTENCES VACATED AND REMANDED FOR RESENTENCING WITH DIRECTIONS.**